## KEARNEY v. FITZGERALD.

1. **Intoxicating Liquors**: DAMAGES: HUSBAND AND WIFE. It is not necessary that the fact of marriage shall be established to enable one suing as a wife, under section 1557 of the Code, to recover for injuries to her person and property.

2. ———: ———: JOINT LIABILITY. If several parties sell intoxicating liquors to another, by means of which he becomes intoxicated, and inflicts injuries upon persons or property, each of the sellers is liable for all the injuries, although there can be but one satisfaction therefor.

3. ———: ———: CONNIVANCE OF WIFE. A wife cannot recover damages against one who sells intoxicating liquors to her husband, for injury to her person or estate, if she voluntarily drinks with him or sanctions the sale to him.

4. ———: ———: PURCHASE BY WIFE. If the wife shall have purchased and taken liquors home for the purpose of detaining him there, this act will not deprive her of the benefit of the statute.

5. ———: ———: ENHANCEMENT OF. Damages are not allowed in this class of actions for wounded feelings and disgrace, and evidence that defendant has sold to plaintiff's husband since the commencement of the action is not, therefore, competent.

*Appeal from Muscatine District Court.*

FRIDAY, JUNE 16.

THE plaintiff alleges that she is the wife of Michael Kearney; that the defendant sold said Michael intoxicating liquors, of which he drank, and whereby he became intoxicated; that because of such intoxication he spent his time in idleness, and failed to render plaintiff a support; that when so intoxicated he spent thirty-five dollars of the moneys of plaintiff, and destroyed her property, and injured her person. Plaintiff claims $3,000 damages.

The defendant denies all the allegations of the petition, and alleges that the plaintiff purchased intoxicating liquors and administered them to her husband, and that she directly contributed to and caused the injuries of which she complains. There was a jury trial, resulting in a verdict and judgment for plaintiff for one dollar. Defendant appeals.

*Cloud & Broomhall* and *Richman & Carskaddan*, for appellant.

*Kagy & Lander*, for appellee.

DAY J.—I. It is claimed that the verdict is contrary to law; that the fact of the marriage of plaintiff to Michael Kearney was in issue; that it is incumbent upon her to prove such marriage; that she failed to make such proof, and hence, under the law, cannot recover. The plaintiff testified positively that she was married to Michael Kearney by an army chaplain in 1864. Testimony was introduced that she had before been married to one Woods, who was still living, and that he procured a divorce from her in 1866. Whether in view of the cohabitation subsequently to the divorce, a marriage should be presumed after that event, we need not now determine. The point now under consideration is that the verdict is contrary to law. This must mean the law as given by the court, for, so far as the jury is concerned, that is the law of the case.

The court instructed the jury as follows: "If her marriage to Kearney was void, because of her then having another husband living, she cannot claim the benefit which the law is intended to confer on the wife. This, however, would only affect her right to recover for injury in her means of support, and injury to household goods bought by and belonging to the said Michael. If she sustained injury to her person, or to property belonging to her, at the hands of the said Michael while intoxicated, and such intoxication was caused or was contributed to by defendant, she would still have a right of action against him for such injuries."

There was proof tending to show that plaintiff sustained injuries both to her person and property. Hence, under the above instruction, plaintiff might recover, although not the wife of Michael Kearney. If it should, then, even be conceded that plaintiff failed to prove her marriage, still it cannot be admitted that the verdict was, for that reason, contrary to law, to-wit: the law given the jury by the court.

II. It is claimed, however, that the above instruction is erroneous; in other words, that it is not *law*. It is conceded

1. INTOXICA-
TING liquors:
damages:
husband and
wife.

that, under section 1557, a right of action is given to every wife, or other person who shall be injured in person or property. But it is claimed that, having sued as wife, she must so recover, and that she cannot recover as *cther person*. Section 2729 of the Code, covers the case. It provides: "A party shall not be compelled to prove more than is necessary to entitle him to the relief asked for, or any lower degree included therein." Part of the relief asked for was damages for injury to the person and property of plaintiff. Under section 1557 of the Code, she could recover on account of this claim, upon proof that she was a person other than the wife, and had been injured in person or property in the manner claimed.

III. It is claimed that the verdict is not warranted by the evidence. There was testimony that plaintiff was injured both in her person and property, in consequence of the sale of intoxicating liquors to Michael Kearney, by defendant. The case is clearly not one for our interference upon this ground.

IV. One Mrs. Earl was produced as a witness on behalf of defendant, and testified that she procured a quart of whisky at Fitzgerald's; that they drank it in Mrs. Adam's room, and that plaintiff got drunk and had to be put to bed.

On motion of plaintiff this testimony was stricken out, because it related to what occurred subsequently to the bringing of the suit.

It is claimed that the testimony related to a time prior to the commencement of the action. As we understand the abstract, whilst the witness testifies that this occurred before the commencement of the suit, yet she testifies that she does not know when the suit was brought; that the occurrence took place in the spring, and she heard of the suit from Fitzgerald in the summer. But the abstract shows that the action was commenced in November. The transaction must have occurred after the suit was commenced, and the court did not err upon the ground claimed by appellant.

V. The court instructed the jury as follows: " It is not necessary that the liquor which caused the intoxication alleged should have been all sold to the said Michael by the said defendant. If the defendant sold the said Michael liquor, which contributed or helped to bring about the intoxication alleged, this would be sufficient to make him liable for injuries resulting from such intoxication;" and " you will bear in mind, however, that the defendant is not to be held liable for any injury to the means of support, arising from the intoxication of the said Michael, except in cases where the evidence satisfies you, that the intoxication producing this particular injury has either been caused or contributed to by intoxicating liquors which the defendant sold to the said Michael. For any injury to means of support which the plaintiff may have sustained from the acts of defendant, in the sale of liquor to the said Michael, the defendant would be liable, and, if you find that he was so liable, you will from the evidence in relation thereto, ascertain and determine the extent of such liability;" and "if from the evidence, you believe that the said Michael, while intoxicated, injured or destroyed any of such household goods, you will say whether or not the intoxicating liquor by which his intoxication at that time was produced, was caused in whole or in part, by liquor sold him by defendant. If he contributed to such intoxication he would be liable;" and "to entitle her to recover, the testimony must satisfy you that the said Michael assaulted her while he was intoxicated, and that such intoxication was caused or contributed to by defendant. If you find she is entitled to recover for these alleged personal injuries against the defendant, he would be liable for all damages actually sustained in consequence of such injuries." These several parts of instructions are claimed to be erroneous. We believe them to be correct. If a dozen saloon keepers should each sell a drink of whisky, to a party, from the combined effect of which he should become intoxicated and should beat another or destroy his property, the law has no means of determining the exact amount of the injury which is chargeable to each. Under such circumstances we have no doubt they are joint wrong

*2. ___; ___: joint liability.*

doers, and that each is liable for the injury done by all. They could all be sued together, or one, or any number of them separately. But there could be but one satisfaction for the injury. There could never be a dozen satisfactions for the same wrong, and the difficulty suggested by appellant could never arise.

This is in harmony with *Woolheather v. Risley*, 38 Iowa, 489, and is not in conflict with *La France v. Krayer*, 41 Iowa, 143; nor with *Jewett v. Wanshura*, ante, 574. Of course the principle here announced is limited to cases where the several parties contribute to a specific intoxication which occasions an injury.

VI. The court instructed the jury: "If a man addicted to drinking goes to a saloon where intoxicating liquors are sold, apparently sober, and having remained there a sufficient time, is found intoxicated, the fair presumption would be that his intoxication was due in part, at least, to intoxicating liquor obtained at such saloon."

The correctness of this instruction in the abstract is not assailed, but it is claimed to be inapplicable to the testimony, for that, whilst there is proof that Michael Kearney was drunk at defendant's saloon, there is no testimony that he went there sober. Whilst, as a mere abstract proposition, the instruction should not have been given, yet, if not inherently erroneous, we are unable to see how it could have worked any prejudice. Had the court instructed the jury "that if they should find from the evidence that Michael Kearney went to defendant's saloon sober," etc., this, under repeated decisions of this court, would be erroneous, if there was no evidence upon which to base it. But an abstraction of the kind in question worked no more real prejudice than would an instruction that it might be inferred a man was drunk if he should be seen lying in a gutter.

VII. The court instructed the jury as follows: "It is claimed that the plaintiff was accustomed to purchase

3. ——: ——: intoxicating liquors of the defendant and of connivance of wife. others, and to take it to their home. If this be so, it becomes important to inquire for what purpose

Kearney v. Fitzgerald.

she bought and used such liquors. If it was bought and taken to the house for medical purposes only, and was in good faith prepared and used as a medicine for existing physical ailments, such purchase and use would be lawful and innocent, and ought not to operate to the prejudice of the plaintiff. If, however, it was not bought for such purpose, but was purchased and intended and used as a beverage for herself and the said Michael, the case assumes a different aspect. If the said Michael was in the habit of getting intoxicated, and the plaintiff, knowing this habit, voluntarily drank intoxicating liquors with the said Michael at the bar of the defendant, and voluntarily bought of defendant intoxicating liquors to be taken to their home and to be drank by herself and the said Michael as a beverage, this would not only be encouraging the said Michael in his intemperate habits, but would be an apparent sanctioning on her part of the sales of liquor by the defendant to the said Michael. This law is intended to furnish redress and compensation to innocent sufferers, and not to those who have, by their acts and conduct, voluntarily and knowingly encouraged and contributed to bring about a state or condition in another who, while in such state or condition, does the wrongs of which they complain. If the plaintiff and the said Michael voluntarily drank at the bar of defendant, and if the plaintiff voluntarily bought liquor of defendant to be drank by her and the said Michael, she would not be placed in the attitude of an innocent sufferer, and as entitled to the redress which the statute designs."

Complaint is made of the use of the word *voluntarily* in this instruction. It is urged that there is and can be no such thing as buying and drinking liquors involuntarily. The objection amounts merely to a verbal criticism. The plaintiff testified that she bought and drank liquors only for medical purposes. It is plain from the whole instruction, taken together, that the court intended to draw the distinction between buying and using intoxicating liquors for the purpose of removing physical ailments and alleviating physical suffering, and buying and using them merely for a beverage.

And the instruction could not otherwise have been understood by the jury. But taken even in its strict and literal sense, the word is accurate and appropriate. *Voluntarily* means spontaneously, of one's own will, without being moved, influenced or impelled by others. It is one of the saddest facts in human nature that many persons do both buy and drink intoxicating liquor, who, spontaneously, of their own will, without being moved, influenced or impelled by others, would not have done so.

VIII. The court further instructed the jury as follows: "If, however, such drinking, either at the bar or at home,

4.——: ——: was not voluntary on her part, or if she bought and took intoxicating liquor to their home not
<sup>purchase by wife.</sup>
with the view of her own drinking, but for the sole purpose of keeping her husband at home, and of keeping him from squandering his time and money in saloons, she would forfeit none of the benefits which the statute gives." The only objection urged to this instruction is, that there is no evidence tending to show that she bought liquors for any such purpose. This is a mistake. The defendant called as a witness one Lambert to prove certain conversations of plaintiff, who, amongst other things, testified: "She said she had worked in Fitzgerald's family; that she had got whisky there and took it home to keep her husband from going down town." The defendant, having seen fit to prove a conversation of plaintiff, must accept the conversation altogether. It tends to prove the fact suggested in the instruction.

IX. Lastly, defendant complains because the court refused to admit proof that plaintiff, since the commencement of the

5.——: ——: action, had frequently bought liquors and drank them with Michael Kearney. If damages in this
<sup>enhancement of.</sup>
action were allowed on account of wounded feelings or disgrace, such testimony would probably be competent. But damages are allowed only on account of injury to support, to property and to person. If an intoxicated person should knock out one's eye, or burn his house, in an action for damages against the vendor of the liquor we apprehend it would

not be competent, in mitigation of damages, to prove that since the commencement of the action the plaintiff and the person so intoxicated had drank together.

The record discloses no error.

AFFIRMED.