MARY I. ALDRICH *vs.* JOHN PARNELL.

Hampshire.    September 18, 1888. — October 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Sale of Intoxicating Liquors — Civil Damages for Intoxication — Release
to one of several Joint Tortfeasors.*

A release to one of several persons, who all contribute to cause the intoxication of
another person, whereby a right of action accrues under the Pub. Sts. c. 100,
§ 21, to recover the amount of damages sustained in consequence thereof, dis-
charges all of them.

TORT, under the Pub. Sts. c. 100, § 21, to recover damages
sustained in consequence of the intoxication of the plaintiff's
husband, caused by the sale of intoxicating liquors to him by
the defendant.   Trial in the Superior Court, before *Brigham*,
C. J., who, after a verdict for the plaintiff, allowed a bill of ex-
ceptions, the material part of which appears in the opinion.

*D. W. Bond*, for the defendant.

*H. P. Field*, for the plaintiff.

C. ALLEN, J.   It is a familiar rule, that ordinarily a release
of one of several joint tortfeasors discharges all; and this rule is
applicable, even though there was no concert of action among
them, provided the injury was single.   *Stone* v. *Dickinson*, 5
Allen, 29.   *Brown* v. *Cambridge*, 3 Allen, 474.   *Goss* v. *Ellison*,
136 Mass. 503.   It has also been determined that this rule ap-
plies if a release is given to one against whom a claim is made,
although he may not in fact be liable.   *Leddy* v. *Barney*, 139
Mass. 394.

The only question in the present case is whether this rule is
applicable to a claim arising under the Pub. Sts. c. 100, § 21;
and we are of opinion that it is.   By the provisions of that
section the plaintiff had a right of action severally or jointly
against all persons who, by selling or giving intoxicating liquor
to her husband, had caused in whole or in part his intoxication,
habitual or otherwise.   The declaration contained two counts,
the first of which charged sales extending over a period of time,
and general injury to the plaintiff arising from her husband's

acquiring confirmed habits of intoxication; and the second count charged that the defendant sold and delivered intoxicating liquor to her husband on the 26th of September, 1883, whereby he became intoxicated and met with an injury. The plaintiff, in support of her action, relied on evidence tending to show that her husband, from the 30th of April to the 26th of September, 1883, often became intoxicated from drinking liquor obtained at the defendant's saloon, and at other places; and that in the afternoon of said 26th of September he drank liquor once at one Gabb's saloon, once at the Mansion House in Northampton, and afterwards seven times at the defendant's saloon, and became intoxicated, and met with an injury in consequence of such intoxication. In assessing damages no distinction was made between the two counts, and a general verdict was returned, which may have been applicable solely to either count or in part to each. The plaintiff, after bringing this suit, made a demand upon Gabb, and also upon the proprietor of the Mansion House, for damages sustained by reason of the intoxicating liquor sold to her husband by each of them on said 26th of September, and also for selling liquor to him prior to that time. The instructions to the jury assumed that the defendant and Gabb and the proprietor of the Mansion House might all have contributed to the intoxication for which damages might be assessed; and it was ruled that a settlement with one of them would not operate as a release to this defendant, nor bar the present action.

The effect of this ruling would be to allow the plaintiff to recover from the various persons contributing to her husband's intoxication more than the amount of the injury sustained by her. If there were a dozen such persons, she might get what she could by successive settlements with eleven of them, and then recover from the twelfth as much as if she had received nothing from the others. She might recover from each one in succession the full amount of the damages sustained by her. We do not think the statute admits of this construction. It allows her to sue them all, jointly or severally, and in either case the measure of damages would be the same. The statute makes no apportionment. Each would be liable to pay to her the full amount of damages which she had sustained. *Bryant* v. *Tidgewell*, 133 Mass. 86. If she were to recover a joint judg-

ment against several, a payment of the judgment by one of them would discharge it as against all. If she elects to bring several actions, and recovers several judgments, she may indeed gain an advantage by being enabled to collect that judgment which is for the largest amount, but a satisfaction of any one of the judgments would operate as a satisfaction of all, except the costs, and bar any other action for the same cause. In other words, she can have but a single satisfaction.

By giving her a right to bring several actions, the statute does not have the effect to give her a right to multiply her damages. When she has received satisfaction for the damages sustained by her, her right of recovery is gone. The effect of the statute is to put all who contributed to her husband's intoxication in the position of joint tortfeasors or trespassers. The principle of the statute is, that one suffering injury by reason of the intoxication of another, who stands within the enumerated kinds of relationship, shall have a remedy, either jointly or severally, against those who caused or contributed to the intoxication, to recover the amount of damages sustained. The statute is a departure from the common law, and gives a remedy which did not exist before. It would require plain words to show that it was intended to allow the recovery of more than the damages actually sustained. We cannot think that the Legislature meant to give to a person so injured a right to recover such damages, multiplied by the number of those who contributed to the intoxication.

The plaintiff relies especially upon the decision in *Jewett* v. *Wanshura*, 43 Iowa, 574, as holding that, under a similar statute, a settlement with one of those who contributed to the intoxication is not a bar to an action against others. But the statute in Iowa gave no joint right of action, and the court held that under the circumstances of that case no joint action would lie, because the sales by the several parties were on separate days, and that each seller was only liable for the injury produced by his own acts. The case of *Kearney* v. *Fitzgerald*, 43 Iowa, 580, which was not cited by the plaintiff, is in accord with our present decision.

*Exceptions sustained.*