[McCoy v. L. & N. R. R. Co.]

# McCoy *v.* L. & N. R. R. Co.

### *Action for Damages for Personal Injury.*

#### (Decided Nov. 29 1905.   40 .So. Rep. 106.)

1. *Judgment; Joint Tort feasors; Satisfaction.*—The same plaintiff may not prosecute a cause against another joint tort-feasor, where he has recovered judgment and it has been paid by one of the tort-feasors, when the same cause of action is involved.

2. *Same.*—The cause of action given by Sec. 27 of Code of 1896 to recover punitive damages, is a single cause of action, so that a satisfied judgment against one of two tort-feasors whose concurrent negligence caused the death, is a bar to the cause against the other tort-feasor.

3. *Costs; Taxation.*—Plaintiff refusing to plead further after the court overruled her demurrer to the plea since the last continuance, defendant can recover costs only since the filing of the plea, on judgment rendered in defendant's favor on the plea.

APPEAL from Birmingham City Court.
Heard before HON. C. W. FERGUSON.

Action by Dollie McCoy, administratrix of the estate of Mattie Osby, deceased, against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. The facts are sufficiently stated in the opinion of the court.

B. M. ALLEN, for appellant.—The awarding of costs, on appeal to the supreme court is within the discretion of the court.—*Paulding v. Johnston,* 21 Ala. 279; *Rainey v. Rainey,* 35 Ala. 282; *Conner v. Armstrong,* 91 Ala. 265 (9 So. 816).

In construing a statute, the intention of the makers of the law is as much within the statute as if it were within the letter; the intention of the law makers constitutes the law.—*Coccicola v. Wood-Dickerson Co.,* 136 Ala. 536 (33 Sou. 856); *Atkins v. Disintegrating Co.,* 18 Wall. 381; *U. S. v. Freeman,* 3 How. 565.

The two corporations, whose negligence caused the death of the deceased, were not joint tort feasers. Where there is a wrong in which several join, *without concert,* they are not joint tort feasors, and therefore a release of one is not a release of all.—*L. & N. R. Co. v. Richard's Admr.,* 57 Pa. St. 142; *Gallegher v. Kemmerer,* 144 Pa. St. 509, 22 Atl. 970; I Jaggard on Torts, 345.

Where two or more persons participate in concerted action to commit a common tort, they are called "joint tort feasors."—I Jaggard on Torts, 209.

If the tort be jointly done, that is, in concert, the defendants are joint tort feasors; if it is severally done, that is, independently, though for a similar purpose and at the same time, without any concert of action, they are severally tort feasors.—*Williams v. Sheldon,* 10 Wend. 654;; I Jaggard on Torts, 212.

To constitute parties, joint tort feasors, there must be a community of wrong, a concert of action.—*Bennett v. Fufield,* 13 R. I. 139; *Cf. Chitman v. Palmer,* 77 N. Y. 51; *Simmons v. Everson,* 124 N. Y. 319; 26 N. E. 911.

Where the independent acts of two persons on opposite sides of a street unite in causing an injury, there being no concert of action they will be held not jointly liable.—*Bard v. Yohn,* 24 Pa. St. 482; I Southerland on Damages, 215; I Jaggard on Torts.

The rule seems to be clear that if one *jointly liable* or one jointly and severally liable is released, that all such tort feasors are discharged.—*State v. Watson,* 44 Missouri 305; *Heckman v. Manning,* 4 Cal. 543; *Gunther v. Lee,* 45 Maryland 60; *Linn v. Nelson,* 38 N. J. L. 358; *Bonney v. Bonney,* 29 Iowa 448; *Prince v. Lynch,* 38 Cal. 528; *Neligh v. Bradford,* 1 Nev. 451; 1 Sutherland on Damages, 208.

TILLMAN, GRUB, BRADLEY & MORROW, for appellee.—It is conceded that ordinarily a judgment, together with satisfaction of it, against one of two joint tort feasors is well pleaded in accord and satisfaction in an action

against the other joint tort feasors for damages for the same injury.—*Blann v. Crockeron,* 19 Ala. 647; 20 Ala. 320; *Ayer v. Ashmead,* 83 Am. Dec. 154; *Livingston v. Bishop,* 1 Johnson, 290.

This principle applies to quasi joint tort feasors. It is not necessary that there should be concert action. It is only essential that the combined acts of two persons should produce injury, whether the acts are done with or without concert action. If the negligence of two carriers combines to produce a collision, in which a passenger of either is injured, the two carriers will be treated as joint tort feasors so far as the application of this principle is concerned, though there is no concert of action between them.—*Seither v. Philadelphia Traction Co.,* 4 L. R. A. 54, 125 Pa. St. 397, 17 Atl. Rep. 338; *Tompkins v. Clay St. R. R. Co.,* 66 Cal. 163, 4 Pac. Rep. 1165; *Abb v. Northern Pac. R. R. Co.,* 58 L. R. A. 293; *Brown v. Cambridge,* 3 Allen (Mass.) 474; *Stone v. Dickinson,* 81 Am. Dec. (Mass.) 727; *Kearney v. Fitzgerald,* 43 Iowa 580; *Ellis v. Bitzer,* 2 Ohio St. 89; *Gass v. Ellison,* 136 Mass. 503; *Oldosch v. Parnell,* 147 Mass. 409; *Turner v. Hitchcock,* 20 Iowa 310; *Long v. Long,* 57 Iowa 497.

DENSON, J.—This action is by Dollie McCoy, as the administratrix of the estate of Mattie Osby, deceased, against the Louisville & Nashville Railroad Company, for personal injuries resulting in the death of the plaintiff's intestate, and which were received in a collision which occurred in the village of East Birmingham between a locomotive of the defendant and a street car of the Birmingham Railway, Light & Power Company at a crossing of the two roads at grade. The plaintiff's intestate was a passenger on the street car. The complaint in one count ascribes the collision to the negligence of the defendant. In other counts the collision is ascribed to the wanton or willful conduct of the defendant's servants.

The defendant pleaded, since the last continuance, in bar of the further maintenance of the suit against it, "that the negligence of the Birmingham Railway, Light & Power Company proximately contributed to the collision which occasioned the injuries from which the plaintiff's intestate died; that the plaintiff brought suit against said Birmingham Railway, Light & Power Company because of the wrongful death of her said intestate, caused by the negligence or wrongful act of said Birmingham Railway, Light & Power Company; that in said suit the plaintiff recovered judgment for the sum of $1,500 against said company and received from said company $1,500 in satisfaction of the judgment so rendered in said cause against it." It was also averred in the plea that the costs of the suit against the Birmingham Railway, Light & Power Company were joint tort company. Several grounds of demurrer were assigned to the plea, the essential ones being: First, that the plea did not show that the defendent and the Birmingham Railway, Light & Power Company were joint tort feasors; that the complaint showed that the defendant was entitled to recover punitive damages. It is a familiar principle of law that where there has been a judgment against one of two or more joint tort-feasors, followed by an acceptance of satisfaction of such judgment by the plaintiff, the judgment and satisfaction may be successfully pleaded by the other joint tort-feasor to the further maintenance of suit by the same plaintiff involving the same cause of action.—*Blann v. Cocheron*, 20 Ala. 320; *O'Neal v. Brown*, 21 Ala. 482; *Du Bose v. Marx*, 52 Ala. 506; *Smith v. Gayle*, 58 Ala. 600; *Lyman v. Hendrix*, 1 Ala. 212; *Vandiver v. Pollak*, 107 Ala. on page 551, 19 South. on page 181, 4 Am. St. Rep. 118; *Lovejoy v. Murray*, 3 Wall (U. S.) 1, 18 L. Ed. 129; *Cleveland v. City of Bangor*, (Me.) 32 Atl. 892, 47 Am. St. Rep. 326; *Tompkins v. Clay Street Ry. Co.*, 66 Col. 165, 4 Pac. 1165; *Doremus v. Root*, (Wash.) 63 Pac. 572, 54 L. R. A. 649; *Seither v. Philadelphia Traction Co.*, 125 Pa.

397 17 Atl. 338, 4 L. R. A. 54, 11 Am. St. Rep. 905; *Abb v. Northern Pacific Railroad Co.* (Wash.) 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep. 864; *Russell v. McCall,* 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807; 1 Waterman on Trespass, p. 73, § 68; 2 Freeman on Judgments, § 467.

We understand that the principle above stated is conceded by the appellant to be correct. She insists, however, that the principle is not applicable to the case at bar. Her insistance is stated in the brief of counsel in this language: "The two corporations, whose negligence caused the death of the deceased, were not joint tort-feasors. Where there is a wrong in which several join, without concert, they are not joint feasors, and therefore a release of one is not a release of all." The view we take of the case renders it unnecessary for us to determine the joint liability vel non of the two companies. The authorities cited in the briefs of counsel, together with the case of *Richmond & Danville R. Co. v. Greenwood,* 99 Ala. 501, 14 South. 495, may be consulted with profit by any one desiring to prosecute that inquiry.

Reading the complaint and the plea together, it clearly appears that, whether there was the ligament of common purpose binding the acts of the two companies together or not, their acts of negligence united in causing the single injury to the plaintiff. A rational rule deduced from the authorities supra would seem to be that, "where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrong doers are liable for damages occasioned by the injury. It is also manifest that this single injury, in itself or of itself indivisible, constitutes an indivisible cause of action. This is true, notwithstanding the fact that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly, and the mere pendency of suit or judgment without satisfaction could not be set up in defense by either tort-feasor. So in the case at bar two companies were tort-feasors; and whether

jointly liable or not, the plaintiff had a cause of action against them separately; but she had only one cause of action, and it was an indivisible one. Upon this cause of action she could have maintained a suit against each of the tort-feasors simultaneously, and the mere pendency of suit, or judgment against one without satisfaction, would have been no answer to the other. But when she successfully prosecuted her single cause of action against one of the tort-feasors, and received satisfaction in full of the judgment, that was satisfaction for the entire injury, for the single cause of action, and after satisfaction, although it moved from only one of the tort-feasors no foundation remained for a suit against any one. Her cause of action was extinguished. Furthermore, the presumption would be that in the suit in which the judgment was obtained and satisfaction accepted full damages were accorded.

In the case of *Cleveland v. City of Bangor*, 87 Me. 259, 32 Atl. 892, 47 Am. St. Rep. 326, with respect of satisfaction by a tort-feasor not jointly liable with another, it was said: "But with regard to the point under consideration no sound reason has been given, and it is believed none can be assigned, for such a distinction between the case of wrongdoers who are jointly and severally liable and of those who are only severally liable for the same injury. In either case the sufferer is entitled to but one compensation for the same injury, and full satisfaction from one will operate as a discharge of the other."— *Brown v. Cambridge*, 3 Allen 474; *Abb v. N. P. R. Co.*, (Wash.) 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep. 864. In *Lovejoy v. Murray*, 3 Wall (U. S.) 1, 18 L. Ed. 129, Justice Miller for the court said: "But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages." In the case of *Vandiver v. Pollak*, 107 Ala. 551, 19 South. 181 (54 Am. St. Rep. 118), Chief Justice Brickell for the court said: "It is merely elementary to say

that there can be against the same person but one recovery for the same cause of action; and so there can be for the same cause of action but one satisfaction obtained from several persons for a single injury, in itself and of itself an indivisible cause of action." 2 Freeman on Judgments, § 467. Our conclusion is that whether the two companies were joint tort-feasors or not is immaterial. There was only one cause of action, and concurrent remedies did exist against both companies severally for the same cause. The plaintiff was entitled to indemnity for the injury, but only one indemnity.

The action was brought under section 27 of the Code of 1896 which is generally known as the "statute for the prevention of homicides." The damages recoverable are punitive, and it has been ingeniously argued by appellant's counsel that for this reason satisfaction of the judgment against the Birmingham Railway, Light & Power Company cannot avail the defendant. We think the contention is unsound. As has been suggested by counsel for appellee: "To entitle the plaintiff to recover there must be a subsisting cause of action at the time the recovery is sought." As we have held that there was but a single cause of action, the fact that the recoverable damages were punitive could add nothing to the cause of action. The conclusive presumption is that the full damages were awarded the plaintiff in the judgment that was satisfied. The cause of action being extinguished by the acceptance of satisfaction by the plaintiff, there is nothing to support the action against the defendant, even for the recovery of nominal damages. —*Aldrich v. Parnell*, 147 Mass. 409, 18 N. E. 170; *Kearney v. Fitzgerald*, 43 Iowa, 580. The plea was not open to the demurrer, and the court properly overruled it.

The court overruled the demurrer to the plea since the last continuance, the plaintiff declined to plead further, and judgment was rendered for the defendant on the plea and awarding all the costs against the plaintiff. All the costs which accrued in the case prior to the filing of the plea since the last continuance should have been adjudged against the defendant. We have but to correct

that error here, and it will be done by adjudging all the costs which accrued prior to December 30, 1902, the date of the filing of the plea, against the defendant; and the judgment as thus corrected will be affirmed.—*Webb v. Reynolds,* 139 Ala. 398, 36 South. 15.

Corrected and affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.

*Action for Damages for Personal Injuries.*

