21 So.2d 683

### McGOWIN et al. v. HOWARD.

#### 5 Div. 401.

Supreme Court of Alabama.

Feb. 1, 1945.

As Modified on Rehearing March 1, 1945.

Further Rehearing. Denied April 12, 1945.

554

Beddow, Ray & Jones, of Birmingham, for appellants McGowin, Garrett and R. A. McGowin Lumber Co.

Gerald & Gerald, of Clanton, for appellant Bullard.

A. B. Foshee, Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellee.

THOMAS, Justice.

This is a homicide case against the servant and the master.

The submission to the jury was on three counts as to defendant J. T. Bullard, and as to appellants McGowin, Garrett and their company on one count. The material averments of count 1 will be set out in the statement of facts. There was a joint verdict against the defendants from which the appeal is taken. There was a severance as to appellants.

Counsel for appellant driver, Bullard, assert that if there is error in the record entitling either of the appellants to a reversal, it must work in favor of all defendants, and that the judgment appealed from should be reversed. It is further urged that there could be no judgment against the master without a judgment against the agent charged with misfeasance or malfeasance, resulting in the damage and injury for which suit is brought. Walker v. St. Louis-San Francisco R. Co., 214 Ala. 492, 108 So. 388; F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Hawkins v. Barber, 231 Ala. 53, 163 So. 608.

A later decision touching the subject is Griffin v. Bozeman, 234 Ala. 136, 173 So. 857, wherein it is held that:

"Liability of two or more persons jointly engaging in commission of trespass is

joint and several, and suits against such persons separately can be prosecuted to judgment, with but one satisfaction.

"If joint liability results because one person is responsible for wrong done by another person under rule of respondeat superior, and not from joint participation in wrongful act, suit can be joint or several, and judgment exonerating servant will relieve the master.

"Judgment favorable to master sued for trespass will not exonerate servant where court has found that master-servant relation did not exist, or that master did not actively participate in trespass, or that no trespass was committed."

■ The case will be considered as to the respective liability of the defendant-master on the one hand, and that of J. T. Bullard, the driver of the master's truck, on the other hand, under the pleadings, on which the trial was had, and the evidence that obtained. At the time of the accident there was no relation of master and servant existing, within the rule of respondeat superior, and no joint participation in the wrongful act declared upon by the McGowins, Garrett, or their lumber company, holding them responsible for Bullard's actionable wrong declared upon in counts 2 and 3. The relations of the several appellants declared upon in count 1 will be further considered herein.

The insistence of appellee is that appellant McGowin Lumber Company, knowingly entrusted a motor vehicle into the hands of an incompetent driver, appellant Bullard, and this caused the injury for which suit was prosecuted. The rule of good pleading is adverted to in McKinnon· v. Polk, 219 Ala. 167, 121 So. 539, and the later decisions on proximate cause are collected. Montgomery City Lines, Inc., v. Jones, as Adm'r, etc., ante, p. 291, 20 So.2d 599.

In the argument and brief in the case at bar, Crim v. Louisville & N. R. Co., 206 Ala. 110, 89 So. 376, 387, was cited. There, Crim and Parrish were both dispatchers of the railroad company in Chilton County, Alabama. It was said: "We do not think that the evidence shows any knowledge on the part of the defendant that this unfortunate homicide would naturally or probably result from permitting Parrish to remain upon its premises. While there was proof of knowledge by the defendant's servants or agents as to his mental derangement, there is nothing to show that his mania was of a dangerous or homicidal character."

■ In Alabama City, G. & A. R. Co., v. Bessiere, 190 Ala. 59, 66 So. 805, 806, the duty of the master in selecting and retaining competent employes is discussed. Speaking through Mr. Justice McClellan, the court said: "The law requires that companies using instrumentalities which, if not skillfully handled, are very dangerous, shall exercise due care and diligence to have competent employés in charge thereof. * * * Now, as to incompetency: That deficiency in a servant is not shown by an instance of negligence on the part of the servant; nor would that be sufficient to allow the imputation to the master of notice of his incompetency. * * * 'Negligence is not synonymous with incompetency. The most competent may be negligent.' Furthermore, the injury complained of must have been the proximate result of the servant's incompetency. * * *."

The Bessiere case, supra, is cited in Crotwell v. Cowan, 236 Ala. 578, 184 So. 195, and the observation is made that evidence going to show that the driver of an automobile operated the same at from 40 to 65 miles an hour may be a circumstance in connection with the attending circumstances and results going to show negligence, but such driving on sporadic occasions at a particular place falls short of showing or tending to show incompetence or habitual careless disposition and temperament on the part of the driver.

One of the earlier cases in this jurisdiction, Parker v. Wilson, 179 Ala. 361, 60 So. 150, 153, 43 L.R.A.,N.S., 87, touching incompetent drivers of motor vehicles, held that in the case of a "mere permissive use, the liability of the owner would rest," not (1) "alone upon the fact of ownership, but upon the (2) combined negligence of the owner and the driver, negligence of the one in intrusting the machine to an incompetent driver, of the other in its operation." [Parenthesis supplied.] In that case the minor son of Dr. Cunningham Wilson was using the automobile for his own purpose and without the knowledge of the defendant. The opinion was by Mr. Justice Sayre, who observed: "Our opinion is that the evidence, at best for ·appellant, authorized a finding of a mere permissive use by his son of the defendant's automobile, and that

557

for the son's negligence therein the defendant is not liable."

The case of Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, 622, L.R.A.1917F, 380, went to the jury on counts 3 and 4. Each count concludes with the averment that, "at the time of said injury defendant's said son was using said car by defendant's consent and acquiescence, she having been informed of his dangerous proclivities in connection with the same, as aforesaid."

The foregoing outlines the course of our decisions touching the legal liability growing out of handling dangerous instrumentalities with the knowledge and consent of the owner.

Counsel for appellant does not question the soundness of our decisions in cases where liability attached because of the owner knowingly entrusting a motor vehicle to an inexperienced or incompetent driver and injury resulted to property or innocent third persons. In oral argument and in brief appellant's counsel asserted that the case made in count 1 was not that of principal and agent or master and servant or letting an automobile for hire or for use gratis, but that of bailment. It is urged that under the evidence and pleading on the one hand by the owner, Bullard had possession of the motor truck for a specific purpose, with instructions to park the truck in his yard over the week-end and after his duty with the truck ended; but that, on the other hand, instead of obeying instructions, he violated his trust by using the truck for his own private, personal use; and while so violating his trust, he violated the law, by driving the truck while intoxicated, causing the tragedy for which suit is brought. It is insisted by appellee, however, that Bullard was not only entrusted with the truck for appellant-defendant's business, but also for Bullard's own personal pleasure and entertainment.

█ Code 1940, Tit. 36, § 97 provides: "Whoever lets a motor vehicle to any person to operate upon any public highway or street, knowing that such person is in an intoxicated condition, or under the influence of drugs, shall, upon conviction, be guilty of a misdemeanor and shall be subject to imprisonment in the county jail for a period of not less than thirty days, nor more than twelve months, or shall be fined not less than twenty-five dollars, nor more than one hundred dollars, or shall be both fined and imprisoned." Said sec-

tion makes it a misdemeanor to "let" a motor vehicle be driven upon the public highways knowing that a person so driving is in a drunken or intoxicated condition. As such the vehicle becomes a dangerous instrument in the hands of a drunken driver. The same fact is recognized by Section 2, Tit. 36, Code 1940.

We are brought to a decision, under the evidence, of the question of fact: Did Bullard have the use of appellant's truck on this fatal occasion, with the knowledge and consent of the owner thereof, not only for the transaction of the owner's business, but also for his own personal pleasure and entertainment and while so engaged about his own entertainment cause the homicide in question?

Parties before the court have a right to make the issues of fact to be decided as they believe material. Some statements were made in argument that said averment may well have been omitted by the pleader or be regarded in this court as surplusage. But the question recurs: Is said allegation in the pleading proven by any testimony in the record? If not, the relation alleged in the complaint is not proven.

█ The complaint cannot be supported by an inference or an inference. Equitable Life Assurance Society v. Welch, 239 Ala. 453, 195 So. 554. There is a tendency in the evidence that Mr. Probst (one of the State Highway Patrolmen) or some one of his men, was looking for or "watching" Bullard in his driving of defendant's truck; that he didn't know whether or not the party was driving for the lumber company, but had been looking for him about three months, and in that time had followed him one time, and could not find a single instance where he injured anybody or anything; did not know of his wild or reckless driving, and when they found him after the accident in question, he was drunk.

The substance of the testimony on cross-examination of the witness Champion was that he went with Mr. Ed Probst hunting Mr. Bullard one night; that they had a report (it is not stated from whom) that Bullard had one of McGowin's trucks and had gone with it; that they went to Bullard's house, and found him at home.

█ This testimony does not show knowledge on the part of the lumber company, or either of its owners, that Bullard had been using the truck after hours of service had ended for his own personal

558

pleasure and entertainment. This being a material averment of count 1, in the absence of testimony proving the same, the affirmative charge should have been given, as requested by defendant McGowin.

■ Upon consideration of the cause, the conclusion has been reached that, under all the circumstances, the ends of justice would be best subserved by a reversal of the judgment in its entirety. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; Tullis v. Blue, 216 Ala. 577, 114 So. 185.

It results, therefore, that the application for rehearing filed by the appellee be and the same is hereby overruled, and that the application for rehearing filed by the appellant, J. T. Bullard, be and the same is hereby granted; and that the judgment of affirmance heretofore rendered in this cause against J. T. Bullard be set aside and vacated, and the judgment of the circuit court be and the same is hereby reversed in its entirety, and the cause remanded to the circuit court for further proceedings therein.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.