52 So.2d 688

### JOHNSON et al. v. MARTIN.
8 Div. 540.

Supreme Court of Alabama.
May 17, 1951.

Marion F. Lusk, Guntersville, for appellants.

Scruggs & Scruggs, Guntersville, for appellee.

SIMPSON, Justice.

Plaintiff Martin recovered a judgment for $1200 against Johnson and Huskey for property damage to his Chevrolet automobile and for personal injuries arising out of a collision of his automobile with Johnson's Mack truck and trailer, being driven at the time by his duly authorized agent, Huskey. One McNear was driving the plaintiff's car. From this adverse judgment the defendants have appealed.

 The case went to the jury on Count 1 for simple negligence and Count 2 for wantonness. It is argued that error prevailed in the refusal to the defendants of the affirmative charges with hypothesis on the wanton count (Charges A and C). Without considering whether or not the evidence, viewed in its most favorable aspect for the plaintiff, raised the inference of wantonness, this contention may be otherwise disposed of. The verdict of the jury, as observed, was in the amount of jury, as observed, was in the amount of

$1200. There was substantial evidence to sustain the plaintiff's claim of negligence. The evidence was without conflict that the damages to the plaintiff's automobile alone amounted to the sum awarded, and in addition thereto the plaintiff suffered painful physical injuries for which he might also have been compensated. It is clear, therefore, in view of the injuries unquestionably sustained, the verdict did not embrace any punitive damages. In this posture of the case, the refusal of these charges was without prejudice to the defendants. Alabama City, G. & A. R. Co. v. Lee, 200 Ala. 550, 552(5), 76 So. 908.

 Defendants seek to rest error on the giving of plaintiff's charge 15, which allows the jury to "find" rather than requiring them to be "reasonably satisfied" in making up their conclusion on the issues postulated in the charge. Under our decisions, reversible error will not be declared for the giving or refusing of charges of this character. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 151, 112 So. 422.

 The giving of charge 16 requested by the plaintiff is argued as error to reverse because of its alleged misleading tendency in instructing the jury that (1) plaintiff would be barred from recovering only if his negligence *caused* the injury or (2) if his negligence *proximately contributed* to his injury. It is true, as argued, that the first alternative makes the charge bad as one on the question of contributory negligence, since negligence to bar recovery must be the proximate cause of injury. However, the bar to recovery stated in the first alternative in pretermitting to hypothesize that the injury must be *proximately caused* by the plaintiff's negligence was of a higher degree than the law requires, was therefore disadvantageous to the plaintiff and without prejudice to the defendants.

 There was no prejudicial error by the giving of plaintiff's charge 17 as regards wantonness for the reason first hereinabove stated that it is manifest the jury laid out of consideration any punitive damages, resulting that the charge was merely

abstract, the giving of which was, of course, without prejudicial error to the defendants.

 Nor do we think error to reverse resulted in the giving of charge 18 for the plaintiff. It did not, as argued, narrow the issues within the plea of contributory negligence, ignoring the issues raised by the plea of the general issue. Such a charge received approval in the case of Western Ry. of Ala. v. Williamson, 114 Ala. 131, 144, 21 So. 827.

In passing, we should observe that some of the charges adverted to above received criticism in Johnson v. McNear,[1] 52 So.2d 154, a companion case of the instant one, where an occupant of plaintiff's car sued defendants for personal injuries. There, however, the issues were different and, as illustrated above, the giving of such charges in the case at bar cannot be made the basis of error.

Nor can error to reverse be predicated on the refusal of the defendant's requested written charge D, since the charge was not only adequately covered by the oral charge of the court, but it also pretermitted a consideration of wantonness, to which contributory negligence is no defense.

One final argument will be considered. Plaintiff's witness Bryant, who reached the scene of accident some time after it occurred testified with reference to seeing some marks on the pavement and sought to describe them. In answering the question as to whether there were any skidmarks showing where the car wheels themselves had skidded, he answered, "There were some there where they had been pulled this way." Objection was made and overruled to that part of the answer, "they had been pulled," and this ruling is assigned as error. We perceive no error here. At this juncture, after so ruling, the court interrogated the witness as to whether he referred to the skidmarks and the witness answered, "Yes, sir," clearly showing that the quoted statement above was merely a shorthand rendering of the facts and his description of the appearance of the skidmarks on the highway.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.