257 So.2d 353

**Wilton ROBBINS**

v.

**Manine Merrill FORSBURG et al.**

4 Div. 418.

Supreme Court of Alabama.

Dec. 9, 1971.

Rehearing Denied Jan. 20, 1972.

G. A. Lindsey, Elba, for appellant.

Oliver Brantley, Troy, for appellees Donald Preston Marcum and Pike Plymouth Co., Inc.

Rushton, Stakely, Johnston & Garrett and Henry C. Chappell, Jr., Montgomery, for appellee Manine Merrill Forsburg.

MADDOX, Justice.

Appellant's minor son was killed in a two-car collision. He was a passenger in one of the cars which was being driven by Appellee, Manine Forsburg. The other automobile was operated by Appellee, Donald Preston Marcum.

The wrongful death action, as originally filed, contained two counts; one alleging simple negligence, and the other alleging wanton conduct on the part of Forsburg, Marcum and Pike Plymouth Company, Inc., a corporation. The case was submitted to the jury on the wanton count solely and against Forsburg and Marcum; the defendant, Pike Plymouth, having been dismissed as a party.

The jury, after much deliberation and after having asked for additional instructions and after the foreman had stated on two separate occasions that they were deadlocked, finally returned a verdict in favor of both defendants.·

Appellant timely filed a·motion for a new trial, which was overruled, and here assigns as error this ruling by the court. Appellant argues only that the trial court should have granted him a new trial on the ground that the jury was given an erroneous written instruction which was prejudicial to him. The charge complained of reads as follows:

"B–23:

"The Court charges the jury that you cannot return a verdict in favor of the plaintiff against more than one defendant unless you are reasonably satisfied from the evidence that each is equally deserving of punishment.

"GIVEN   RILEY GREEN, JUDGE"

This was a wrongful death action. As this Court said in Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612 (1952):

"It has long been settled in Alabama that damages recoverable in such actions are punitive of the person who wrongfully causes the death. Richmond & Danville R.R. Co. v. Freeman, 97 Ala. 289, 11 So. 800. It has also long been settled that the statute creates a single cause of action unknown to the common law and the personal representative is authorized to sue as an agent of legislative appointment for effecting the declared public policy of preventing homicides. Breed v. Atlanta B. & C. R. Co., 241 Ala. 640, 4 So.2d 315; Also (sic) it is settled that the suit under this statute may be prosecuted against joint tort feasors whose wrongful act or negligence proximately causes the death; and they may be sued jointly or separately, but there being but a single cause of action, one recovery *and satisfaction* is a bar to further prosecution of any other suit on that cause of action. McCoy v. L. & N. R.R. Co., 146 Ala. 333, 40 So. 106. Nevertheless, the personal representative may settle with one tort feasor and prosecute his action against another, provided he reserves the right in taking the release which · releases only the person with

whom the settlement is made. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2."

* * * * * *

"There is nothing in this statute that authorizes the jury to apportion the damages against tort feasors sued in this action. Nor does it recognize degrees of culpability and as applied if the wrongful act or negligence proximately caused the death, the plaintiff is entitled to 'recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama'. The well settled trial practice in our courts has been to require a single verdict, fixing a lump sum regardless of the culpability of tort feasors. City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; Layman v. Hendrix, 1 Ala. 212; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; 64 C.J. p. 1084; Bull v. Albright, 254 Ala. 29, 47 So.2d 266."

Appellees contend Charge B-23 is a charge as to the measure of damages, and even if erroneous, is harmless since the verdict was in favor of the defendants, citing Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963).

This Court did hold in Thompson v. Magic City Trucking Service, supra, that an erroneous charge as to the measure of damages is harmless where the verdict is in favor of the defendant. There, however this Court found that the subject of the charge was damages.[1] Charge B-23 here is not limited to the measure of damages. It stated that the jury could not find for more than one defendant unless they were reasonably satisfied from the evidence *that each* (defendant) *is equally deserving of punishment.* The instruction is an erroneous statement of the law. This

Court, in Bell v. Riley Bus Lines, supra, has said that the well-settled trial practice in our courts has been to require a *single verdict, fixing a lump sum regardless of the culpability of tort feasors.*

Bell v. Riley Bus Lines, supra, was a wrongful death action, and the question of apportionment of damages (punitive) was squarely before this Court. Appellees argue that if a plaintiff elects to sue the defendants jointly in a death case, as he did here, that the amount of the verdict must be measured by the guilt of the more innocent of them. They say that to establish a different rule, in view of the fact that there can be no apportionment of damages in a wrongful death action, would allow one defendant to be punished for the wrong of another without regard to the degree of culpability of each. The answer to this argument seems to be given in Bell v. Riley Bus Lines, supra, where this Court held:

"The well settled trial practice in our courts has been to require a single verdict, *fixing a lump sum regardless of the culpability of tort feasors.*"

We are aware that there is a split of authority on the question of whether punitive damages may be apportioned among joint tort feasors. Annotation: Punitive Damages—Apportionment, 20 A.L.R.3d 666. Alabama does not allow apportionment. Some jurisdictions which do not recognize apportionment of punitive damages hold that when the defendants are all liable for exemplary damages, but their culpability is in different degrees, the Court should instruct the jury to assess such damages according to the acts of the most innocent of the defendants. See Moore v. Duke, 84 Vt. 401, 80 A. 194 (1911); McCarthy v. DeArmit, 99 Pa. 63 (1881).

1. "I charge you that if you find that the defendants are liable for the wrongful death of Mr. Bradley, the damages awarded should be measured by and should be in proportion to the gravity and nature of the wrong involved, considering all of the facts and circumstances surrounding the death of Mr. Bradley. Such damages are for the purpose of punishing the defendants and not in the form of compensation."

■ Alabama seems to follow a different rule—requiring a single verdict, fixing a lump sum regardless of the culpability of the tort feasors—even in actions where the damages recoverable are punitive.

We cannot tell from the record whether charge B–23 was requested by Defendant Forsburg, or by Defendant Marcum, but in any event, the cause is due to be reversed as to both appellees since the judgment appealed from was joint, and we have reached the conclusion, under all the circumstances, that the ends of justice would be best subserved by a reversal of the judgment in its entirety. McGowin v. Howard, 246 Ala. 553, 21 So.2d 683 (1945).

The judgment of the trial court appealed from is due to be reversed.

Reversed and remanded.

HEFLIN, C. J., and LAWSON, HARWOOD and McCALL, JJ., concur.

### ON REHEARING

PER CURIAM.

Appellee, Marcum, in his application for rehearing, among other things, asked the court to extend its opinion to show that the judgment was reversed only as to appellees Forsburg and Marcum. In our original opinion, we did say:

"We cannot tell from the record whether charge B–23 was requested by Defendant Forsburg, or by Defendant Marcum, but in any event, the cause is due to be reversed as to both appellees since the judgment appealed from was joint, and we have reached the conclusion, under all the circumstances, that the ends of justice would be best subserved by a reversal of the judgment in its entirety. McGowin v. Howard, 246 Ala. 553, 21 So.2d 683 (1945)."

We correct this statement to read as follows:

"We cannot tell from the record whether charge B–23 was requested by Defendant Forsburg, or by Defendant Marcum, but in any event, the cause is due to be reversed as to both appellees since the judgment appealed from was joint, and we have reached the conclusion, under all the circumstances, that the ends of justice would be best subserved by a reversal of the judgment as to both appellees Marcum and Forsburg. McGowin v. Howard, 246 Ala. 553, 21 So. 2d 683 (1945)."

Original opinion corrected. Application for rehearing overruled.

LAWSON, MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.