406 So.2d 830 (1981)
Jimmy L. WRIGHT, etc.
v.
William E. ROWLAND, Individually and as an agent, Pressure Concrete Company and/or M. P. C. Leasing.
80-214.
Supreme Court of Alabama.
November 20, 1981.
Gregory S. Cusimano and Michael L. Roberts of Floyd, Keener & Cusimano, Gadsden, for appellant.
Howard B. Warren, of Torbert, Turnbach & Warren, Gadsden, for appellees.
BEATTY, Justice.
Plaintiff Jimmy L. Wright filed this action in Etowah Circuit Court against defendants William E. Rowland and Rowland's employer, Pressure Concrete Company, seeking to recover damages for the wrongful death of his minor son, James Lewis Wright. The son was killed on March 22, 1978, while riding as a passenger on a motorcycle when one of Pressure Concrete's trucks, being driven by Rowland, collided with the motorcycle. The jury returned a verdict for plaintiff and against both defendants in the amount of $15,000.00. Plaintiff subsequently filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. Plaintiff appealed on December 22, 1980. We affirm.
On appeal plaintiff contends that the trial court's oral charge to the jury constituted reversible error. Initially, the charge contained several references to the negligence of "either defendant" or "both defendants." The attorneys for both sides objected that the instructions incorrectly *831 indicated that Pressure Concrete, the employer, could be found liable without a finding against Rowland, the employee. In response to the objections the court gave the following instruction:
Ladies and gentleman, you could not return a verdict in this case against Pressure Concrete Construction Company unless you returned a verdict against Rowland also. And that amount could not exceed what the amount that would be assessed against Rowland [sic].
Plaintiff contends that this instruction did not correct the error originally objected to by the parties and, in effect, suggested that the jury apportion damages between the joint tortfeasors, Rowland and Pressure Concrete. In Alabama, however, damages cannot be apportioned between or among joint tortfeasors. Robbins v. Forsburg, 288 Ala. 108, 257 So.2d 353 (1971). Thus, according to plaintiff the last charge was erroneous and harmfully misleading.
On appeal, the entire charge must be reviewed to determine if there is reversible error. Price v. Jacobs, Ala., 387 So.2d 172 (1980). Read in its entirety and looking to the total effect of the charge we cannot say the jury was misled into apportioning damages or that plaintiff was prejudiced. During the course of the charge, the court stated:
When a principal or master is sought to be held liable for the actions of a certain agent, servant or employee, there can be no recovery against the principal or master unless there is recovery against the agent, servant or employee. And then only to the extent of the liability of such agent, servant or employee. A principal is liable to others for the negligent acts or omissions or his agent done within the scope of his employment and within the line of his duty. And when a master places at disposal of the servant a vehicle to be used by the servant in going to and from his work and such transportation arrangement is beneficial to both of them, the relation of master and servant continues while the automobile is used for such purposes. It is not denied or disputed in this case, ladies and gentlemen, that William E. Rowland was an employee of Pressure Concrete Construction Company and was acting for them at the time of the accident.
That charge is taken from Alabama Pattern Jury Instruction Number 3.05 (hereinafter APJI 3.05). The charge, when viewed as a whole, clearly explains that Rowland was acting within the scope of his employment at the time of the accident and that Pressure Concrete was vicariously liable for Rowland's acts, if the jury believed Rowland was negligent. We find, therefore, that the giving of APJI 3.05 was correct under the facts of this case. Additionally, we note from the record that plaintiff failed to properly object to the trial court's last instruction to the jury, Rule 51, ARCP, thereby failing to preserve the claimed error relating to that instruction.
Plaintiff also alleges that the trial court committed error in allowing John Wade, a superintendent for Pressure Concrete, to testify about skidmarks observed by him at the scene of the accident. Wade testified that the skidmarks "were a day or two old, at least. They were faded pretty bad. Didn't look to be fresh at all." Plaintiff contends that the testimony is inadmissible opinion evidence because it touches matters that the jury is as competent to judge as the witness.
The general rule is that witnesses must testify to facts and cannot express mere matters of opinion. McPherson v. Martin, 234 Ala. 244, 174 So. 791 (1937). There are, however, exceptions to this rule. When a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of the particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible. Dyer v. Traeger, Ala., 357 So.2d 328 (1978). If, indeed, this testimony constituted opinion evidence it falls within this exception. Additionally, the witness's statements concerning the appearance of the skidmarks were a shorthand rendition of collective *832 facts. Cf. Johnson v. Martin, 255 Ala. 600, 52 So.2d 688 (1951); 9 Ala.Dig., Evidence, § 473. The trial judge properly instructed the jury that Wade's testimony was that of a lay witness whose conclusions were not binding upon them. It was for the jury to determine the weight to accord that testimony. In any case, the testimony did not prejudice plaintiff in view of the verdict in his favor.
No reversible error having been shown, the judgment entered below is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX and SHORES, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I agree but I would not address the second issue raised by Appellant because this issue goes to the question of liability. The Plaintiff won on that issue below.