STEAGALL, Justice.
Plaintiff Annis Ellison appeals from a summary judgment entered in favor of defendant Glen Kenneth Forsythe.
On February 21, 1981, Ellison was a passenger in an automobile traveling down a four-lane road in Enterprise. The car in which she was riding was struck from behind by a truck driven by Forsythe and, as a result, she suffered physical injury.
On February 20, 1987, Ellison sued For-sythe, seeking recovery based upon alleged wanton misconduct by Forsythe in allowing his vehicle to collide with the car in which Ellison was riding. Ellison makes no claim based on negligence. Forsythe filed a motion to dismiss along with his answer and subsequently filed a motion for summary judgment. Following oral argument by the parties, the trial court granted Forsythe’s motion for summary judgment.
The only issue on appeal is whether summary judgment was proper:
*493 “The standard of review of a summary judgment based on a showing by the defendant that plaintiff cannot prove a cause of action is whether it clearly appears, with no genuine issue as to any material fact that there is no evidence as to some essential element of the cause of action.”
Gulf City Body & Trailer Works, Inc. v. Phoenix Properties Trust, Inc., 531 So.2d 870, 872-73 (Ala.1988). In its review, this Court must review the record “in a light most favorable to the [non-moving party] and resolve all reasonable doubts against the defendant.” 531 So.2d at 873.
This Court in Whitmore v. Burge, 512 So.2d 1320 (Ala.1987), stated:
“ ‘Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced injury.’ ”
Whitmore v. Burge, 512 So.2d at 1327. See, also, Klaber v. Elliot, 533 So.2d 576 (Ala.1988).
In attempting to review the record in a light most favorable to the non-moving party, here Ellison, we first turn to Ellison’s deposition. Therein, she states:
“A No. It was just plain carelessness, willfulness, probably drunkenness. I don’t know what caused him to hit us.
“Q Well, now, if you—
“A It just had to be one or the other . because there’s no excuse for it.
“Q Well, you don’t know why he hit you though? You didn’t see what happened before the accident, did you?
"A He hit us because he didn’t stop or didn’t pull over. He just ran into us.
“Q You didn’t see the movement of his vehicle before—
“A He just ran into us.
“Q Did you talk with Mr. Forsythe out there on the day of the accident?
“A No, sir, he hid.
“Q Did you get close enough to him to smell whether he’d had any alcohol?
“A No, but it had to be something.
“Q Well, you say that. But, I m trying to ask why you’re saying that he must have had something to drink if you weren’t close enough to smell.
“A Well, I didn’t say that he’d had something to drink. I said he either did it purely deliberately or he was drinking and it was involved that way.
It just had to be.
“Q Why does it have to be one of those?
“A Because you just don’t run into somebody that carelessly otherwise.
“Q Is it your feeling then that he deliberately ran into the back of your car?
“A I don’t — I’m not saying he deliberately did it, but he sure did it.”
This Court in Wright v. Rowland, 406 So.2d 830, 831 (Ala.1981), stated, “The general rule is that witnesses must testify to facts and cannot express mere matters of opinion.” (Citation omitted.) Opinions, like those stated above by Ellison, are not proper testimony for a lay witness. See C. Gamble, McElroy’s Alabama Evidence, § 127.01(1) (3d ed. 1977).
In his affidavit supporting the motion for summary judgment, Forsythe stated:
“I was operating my 1978 pickup truck, which was owned by me, and was towing my boat. I was proceeding toward downtown. This was a Saturday afternoon around 4:00 to 4:15 P.M. The weather was clear, daylight, and the roads were not a factor. I was driving within the posted speed limit, traveling less that 30 mph and was complying with all traffic laws. I was not driving under the influence of any alcoholic beverages nor any other thing which would impair my driving ability. The road was straight and level and there were no defects with my motor vehicle.
“My attention was diverted to a blue car which had pulled up beside me and which was crowding me. When I looked back the • car in which plaintiff, Annis Ellison, was riding as a passenger had moved into my lane and was suddenly slowing. I immediately applied my brakes but was unable to avoid colliding *494 with the rear of the vehicle in which Mrs. Ellison was a passenger.
“I did not intend to have an accident nor did I intend to injure anyone on this occasion. My vehicle received a slight front end damage.”
Forsythe was not charged with any traffic violation, such as reckless driving, speeding, or driving under the influence of alcohol or controlled substances, as a result of this accident. Ellison’s allegations as to Forsythe’s sobriety at the time of the collision or excessive speed or possible intent to collide with the car in which Ellison was riding are unsubstantiated by any evidence before this Court for review.
In light of Ellison’s failure to offer any evidence that Forsythe acted willfully or wantonly, the summary judgment in favor of Forsythe is due to be, and it is hereby, affirmed. Because we found no evidence of any willful or wanton misconduct on the part of Forsythe, we need not address other issues.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.