GEORGIA L. EVERETT, Respondent, *v.* EDWARD EVERETT, Appellant.

*Judgment annulling a marriage — action to vacate it because obtained by fraud — the summons therein may be served by publication — extension of time, pending an appeal, to appear generally.*

Where a judgment has been rendered in the State of New York annulling a marriage, the courts of that State may entertain a suit to set it aside on the ground of fraud, and the summons therein may be served by publication upon a non-resident husband by whom the judgment was obtained.

Where objection by the husband to the jurisdiction of the court to entertain a suit thus begun is made by means of a special appearance and is overruled, his time to appear generally and to plead should be extended until the decision of an appeal taken by him from an order denying his motion to set aside the order for the publication of the summons.

APPEAL by the defendant, Edward Everett, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 11th day of August, 1897, denying the motion of the defendant (who had appeared specially) to set aside an order for the publication of the summons in the action, and also from an order entered in said clerk's office on the 30th day of August, 1897, denying the defendant's motion for an extension of time within which to appear generally and move or plead.

*George Zabriskie,* for the appellant.

*W. H. Van Steenbergh,* for the respondent.

WILLARD BARTLETT, J.:

The question on the first appeal is whether the cause of action set out in the complaint is one which authorizes the constructive service of process upon the non-resident defendant by publication of the summons.

The purpose of the present suit is to vacate and set aside a judgment obtained in this State by the husband against the wife declaring their marriage null and void. The complaint alleges that said judgment was procured by fraud and deceit on the part of the husband, and contains averments which, if proved, would require the

court to set the judgment aside.    That a suit in equity, to be relieved
of the decree in the matrimonial action, is maintainable by a wife
claiming thus to be aggrieved appears to be clear (*Johnson* v. *Cole-
man,* 23 Wis. 452), although relief may also be obtained by motion
in the original action.    (*Edson* v. *Edson,* 108 Mass. 590 ; *Olmstead*
v. *Olmstead,* 41 Minn. 297.)   The appellant does not deny that the
court would have jurisdiction of such a case as against a defendant
personally served in New York, but his point is that the allegations
of the complaint do not constitute the sufficient cause of action
required by the Code of Civil Procedure to be shown against a
defendant not residing here who is to be served by publication.
(Code Civ. Proc. § 438, subd. 1 ; Id. § 439.)   He argues that the
judgment demanded in the present suit is purely *in personam,* and
that the judgment which is sought to be vacated is not a *res* within
the court's jurisdiction, and hence that the case does not partake of
the nature of an action *in rem,* in which constructive service is held
sufficient to confer authority to deal with the thing which lies within
the territorial domain of the court.

To adopt this view, however, and apply it to the facts of the
present case, as they are set out in the complaint, would be to hold
that a husband who has successfully invoked the action of a court of
this State, and who has, by fraud, obtained therefrom a judgment
annulling his marriage, may simply, by becoming a non-resident and
remaining outside the boundaries of New York, prevent our tri-
bunals from ever setting aside the judgment which thus owes its
existence to his deceptive practices.    Such a result would certainly
be very unfortunate, and is to be avoided if possible.    I think that a
judgment rendered and duly entered in this State annulling a mar-
riage is to be deemed a *res* remaining within the jurisdiction, to
this extent at least, that the court retains over it the power to enter-
tain a suit at the instance of the wronged party to set it aside on the
ground of fraud, in which suit constructive service of process may
be made upon the wrongdoer, if a non-resident, in such manner as
the State, through the Legislature, may see fit to authorize, pro-
vided it is reasonably adapted to give the defendant actual notice of
the proceeding.    The cause of action arose in this State, for the
fraud was committed here, if anywhere.    The record of the judg-
ment is in this State and must be canceled here, if it is to be can-

celed at all.    Nowhere else can full and adequate relief be afforded, and the departure of the wrongdoer should not be allowed to defeat it.    This jurisdiction cannot be denied without rendering the courts powerless to get rid of judgments which fugitives have procured from them by fraud.

If I am correct in this opinion, the order of publication was properly granted, and the court below was right in refusing to set it aside.

As to the second appeal, however, I think the time of the defendant to appear generally and plead should have been extended until the determination of the appeal first taken.    The objection to the jurisdiction was substantial, and the appellant might well seek to have it passed upon by this court, upon his special appearance for the purposes of the motion only, before putting in a general appearance in the action.    (*Bryan* v. *University Publishing Co.*, 112 N. Y. 382, 388.)

All concurred.

Order denying motion to vacate order of publication affirmed, with ten dollars costs and disbursements.    Order denying motion to extend time to appear generally and plead reversed, with ten dollars costs and disbursements, and motion granted.