EVERETT v. EVERETT.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. JUDGMENT OBTAINED BY FRAUD—ACTION TO VACATE—SERVICE BY PUBLICA-
TION.
Where, in an action to annul a marriage, the plaintiff procures a judgment
in this state by fraud, the judgment is so far a res remaining within the juris-
diction that the court retains over it the power to entertain a suit at the
instance of the wronged party to set it aside, and in such suit to permit the
service of the summons upon the wrongdoer, if a nonresident, by publication.

2. SAME—APPEARANCE.
In an action to vacate, on the ground of fraud, a judgment obtained in this
state by a husband against his wife, annulling their marriage, the defendant's
motion, made on his special appearance, to vacate the order for publication
of the summons, was denied. Thereafter defendant moved for an extension
of time, pending the determination of an appeal from that decision, within
which to appear generally and move or plead. This also was denied. Upon
an appeal from both orders, held that, although the first motion was properly
denied, the second should have been granted.

Appeal from special term, Kings county.

Action by Georgia L. Everett against Edward Everett. From a
judgment entered denying motion of defendant, who had appeared
specially, to vacate and set aside the order for publication of the sum-
mons herein, and from an order denying defendant's motion for exten-
sion of time within which to appear and move or plead, defendant ap-
peals. Affirmed on one motion, and reversed on the other.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

George Zabriskie, for appellant.
W. H. Van Steenbergh, for respondent.

WILLARD BARTLETT, J. The question on the first appeal is
whether the cause of action set out in the complaint is one which au-
thorizes the constructive service of process upon the nonresident de-
fendant by publication of the summons. The purpose of the present
suit is to vacate and set aside a judgment obtained in this state by the
husband against the wife, declaring their marriage null and void.
The complaint alleges that said judgment was procured by fraud and
deceit on the part of the husband, and contains averments which, if
proved, would require the court to set the judgment aside. That a
suit in equity to be relieved of the decree in the matrimonial action
is maintainable by a wife claiming thus to be aggrieved appears to
be clear (Johnson v. Coleman, 23 Wis. 452), although relief may also
be obtained by motion in the original action (Edson v. Edson, 108
Mass. 590; Olmstead v. Olmstead, 41 Minn. 297, 43 N. W. 67). The
appellant does not deny that the court would have jurisdiction of such
a case as against a defendant personally served in New York; but his
point is that the allegations of the complaint do not constitute the
sufficient cause of action required by the Code of Civil Procedure to be
shown against a defendant not residing here, who is to be served by
publication. Code Civ. Proc. § 438, subd. 1; Id. § 439. He argues
that the judgment demanded in the present suit is purely in personam,

and that the judgment which is sought to be vacated is not a res within the court's jurisdiction; and hence that the case does not partake of the nature of an action in rem, in which constructive service is held sufficient to confer authority to deal with the thing which lies within the territorial domain of the court.    To adopt this view, however, and apply it to the facts of the present case, as they are set out in the complaint, would be to hold that a husband who has successfully invoked the action of a court of this state, and who has, by fraud, obtained therefrom a judgment annulling his marriage, may simply, by becoming a nonresident and remaining outside the boundaries of New York, prevent our tribunals from ever setting aside the judgment which thus owes its existence to his deceptive practices.    Such a result would certainly be very unfortunate, and is to be avoided if possible.    I think a judgment rendered and duly entered in this state annulling a marriage is to be deemed a res remaining within the jurisdiction to this extent, at least: that the court retains over it the power to entertain a suit at the instance of the wronged party to set it aside on the ground of fraud, in which suit constructive service of process may be made upon the wrongdoer, if a nonresident, in such manner as the state, through the legislature, may see fit to authorize, provided it is reasonably adapted to give the defendant actual notice of the proceeding.    The cause of action arose in this state, for the fraud was committed here if anywhere.    The record of the judgment is in this state, and must be canceled here if it is to be canceled at all.    Nowhere else can full and adequate relief be afforded, and the departure of the wrongdoer should not be allowed to defeat it.    This jurisdiction cannot be denied without rendering the courts powerless to get rid of judgments which fugitives have procured from them by fraud.

If I am correct in this opinion, the order of publication was properly granted, and the court below was right in refusing to set it aside.    As to the second appeal, however, I think the time of the defendant to appear generally and plead should have been extended until the determination of the appeal first taken.    The objection to the jurisdiction was substantial, and the appellant might well seek to have it passed upon by this court, upon his special appearance for the purposes of the motion only, before putting in a general appearance in the action.    Bryan v. Publishing Co., 112 N. Y. 382, 388, 19 N. E. 825.

Order denying motion to vacate order of publication affirmed, with $10 costs and disbursements.    Order denying motion to extend time to appear generally and plead reversed, with $10 costs and disbursements, and motion granted.    All concur.