# National Building & Loan Association *v.* Ballard.

## *Bill in Equity to Cancel Mortgage.*

1. *Fraud; how averred when basis of relief sought.*—When fraud is relied on as a ground for relief in a court of equity, it is necessary for the pleader to aver the facts essential to constitute the fraud complained of, independent of and distinguished from mere conclusions.

2. *Equity pleading; no presumption indulged to sustain decree pro confesso.*—To sustain a decree *pro confesso* no essential fact will be supplied by intendment; and where in a bill which is taken as confessed, and to which no defense is made in the chancery court, the averments are insufficient to authorize the relief prayed for and granted, the Supreme Court, will, on appeal, reverse the decree rendered.

3. *Bill to cancel mortgage for fraud; insufficient averments.*—Where, in a bill filed by a borrowoer from a abuilding and loan association to rescind the contract and to have the mortgage cancelled, in order to show fraud, it is averred that prior to the making of the contract the defendant issued a prospectus stating its objects, the costs of its loans per month and that its shares would mature in about six years, and that by reason of the representations made in such prospectus and by the representations by the defendant's agents, which they knew to be false and were made with the intent to deceive complainant and others, complainant invested in its stock and borrowed a designated sum of money from said association, and entered into said contract and executed the said mortgage, such averments are wholly insufficient to show fraud on the part of the defendant association, authorizing the relief prayed for.

4  *Equity pleading; bill seeking relief against building and loan association should, on ground of usury, aver how defendant was incorporated.*—Where a bill is filed by a borrower from a building and loan association to have the contract rescinded and the mortgage cancelled on the ground of usury, it should be shown by the averments of the bill how the defendant was incorporated, whether under the general laws pertaining thereto, or under a private statute creating a special charter; and an averment that the defendant, was a corporation organized under the laws of the State is insufficient and too indefinite.

5.  *Building and loan associations; loan by such company not usurious.*—The lending of money by building and loan associations, organized under the general laws of this State, by the building and loan plan, on such terms as are prescribed by their by-laws, and in accordance with the provisions of the statute relating thereto, is not restricted by the statute regulating the rate of interest generally; and such contracts are not void for usury.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellee, John J. Ballard, against the National Building & Loan Association, which, as averred in the bill, was "a private corporation organized under the laws of the State of Alabama, having the city of Montgomery in said State as its principal place of business." It was averred in the bill that on July 2d, 1891, the complainant, effected a loan of one thousand dollars from the defendant and entered into a contract and executed a mortgage upon a certain lot to secure the same. The averments of the bill as to the false representations as to the time within which the stock subscribed for would mature are sufficiently stated in the opinion. It was further averred in the bill that said contract is usurious in that it stipulates for the payment of six per cent. interest per annum, payable monthly on the sum of one thousand dollars, from the date thereof for the entire term or "until the dues so credited on said stock, together with the dividend thereon, shall equal the par value of said stock," as represented in said Prospectus—Exhibit No. 2—to be about

six years, and by reason of said usurious interest taken or reserved in said contract, it is void as to the usury contained therein, and also void by reason of said false representations." The complainant further avered that the loan of one thousand dollars "has been fully and exclusively paid to the corporation, and that the mortgage" described is a cloud upon the complainants' title and the property conveyed in said mortgage.

The prayer of the bill was that the contract be declared usurious and void, and that a reference be had before the register to ascertain what was due from the complainant to the defendant, if anything, and that if it appeared from the report of the register that the loan had been repaid in full that the mortgage be cancelled and annulled as a cloud upon the property of the complainant conveyed therein. The complainant also offered to do equity by paying any amount ascertained to be due and submitted himself to the jurisdiction of the court. The mortgage executed by the complainant and the prospectus issued by the defendant were both made exhibits to the bill. The mortgage recited that the mortgagor, John J. Ballard, did enter into a contract, which was in words and figures as follows: "Received of the National Building and Loan Association of Montgomery, Ala., one thousand dollars, loaned on 20 shares of stock, No. 806, owned by.........., in said Association. I, John Ballard, agree to pay to said Association, on the first Saturday of each month, from this date, at the office of the Association, Montgomery, Ala., nineteen (19) dollars. which shall be applied as follows: First, to the payment of monthly dues on said stock the sum of seven (7) dollars; second, to the payment of premiums for precedence due on said loan, amounting to seven (7) dollars per month; third, to the payment of the interest due on said loan amounting to five (5) dollars per month. I further agree to pay all fines and assessments levied or made against me pursuant to the by-laws of said association, said payments shall be continued until the dues so credited on said stock, together with the dividend thereon shall equal the par value of said stock; should I fail for six months to pay said monthly payments, then the whole amount of said loan shall, at the option of said association, at

once become due and payable. It is hereby mutually agreed that this contract and the mortgage securing the same are made and shall be construed agreeably to the laws of Alabama, and that this provision shall not be waived, except by stipulation of the parties in writing over the signature of the secretary, and corporate seal of the association." The other stipulations and provisions of the mortgage were such as are usually in mortgages, to secure loans made by building and loan associations.

The prospectus which was attached as an exhibit to the bill, set forth the objects and purposes of the defendant corporation, and showed them to be in substance the same as obtained in all building and loan associations.

There was a decree pro confesso against the defendant corporation. Interrogatories were propounded to the complainant, but there was no evidence offered on the part of the defendant.

Upon the submission of the cause upon the bill and its exhibits, upon the subpoena and return by the sheriff, and the decree pro confesso and the depositions of the complainant, a decree was rendered granting the relief prayed for in the bill, and ordering the mortgage to be cancelled. From this decree the defendant appeals, and assigns the rendition thereof as error.

W. L. MARTIN and HOLLOWAY & HOLLOWAY, for appellant.—There was no fraud. The representations of the agent, Jordan, were not authorized, and Ballard says himself that the said Agent Jordan gave him at the time the *prospectus*, which plainly showed that the authority of agents selling stock was limited. Besides the alleged statement of the agent that the stock would mature in seventy-two and seventy-eight months was but the expression of opinion, *estimating* maturity, and was open to both parties. Such was not fraud or willful misrepresentation.—*Lake v. Security Loan Association,* 72 Ala. 207; 2 Brick. Digest, 14 §§ 16, 21.

Complainant below relied entirely upon a "usury contract," and his case must fail, because there was no usury in the contract, according to his own allegations and

proofs.    Suppose, for argument, the payments were legal credits on the note and mortgage, there still could be no usury, for such contracts are clearly sustained by the law of Alabama.—*Sheldon v. Bham, Building & Loan Ass'n.*, 121 Ala 278; Code of 1896, Building & Loan Ass'ns., Chap. 28, Art. 4; *Montgomery B. & L. Ass'n. v. Robinson*, 69 Ala. 413; *The Security B. & L. Ass'n. v. Lake*, 69 Ala. 456; *Southern B. & L. Ass'n. v. Anniston L. & T. Co.*, 101 Ala. 582; *Lake v. Security Loan Ass'n.*, 72 Ala. 207.

A. C. WORTHY, *contra.*—The decree pro confesso was properly taken.    The summons was served March 11th, 1898, and decree entered April the 11th, 1898.    The defendant had thirty entire days within which to answer or plead to the bill after service of the summons.—*Madden v. Floyd*, 69 Ala. 221.    The decree pro confesso was authorized, because proof was made before the register that H. C. Tompkins, on whom the summons was served, was at the time of service the president of said association—such officer, as by law, was authorized to receive service of process for and in behalf of the defendant.—*Southern Home B. & L. Ass'n. v. Gillespie*, 121 Ala. 295; *Independent Pub. Co. v. Am. Press Ass'n.*, 102 Ala. 475; *Oxanna B. & L. Ass'n. v. Agee*, 99 Ala. 571 and 592; *Manhattan Fire Ins. Co. v. Fowler*, 76 Ala. 372; *Memphis & Charleston R. R. Co. v. Whorley*, 74 Ala. 264 (270).

The allegations of the bill warrant the relief granted. It alleges that by reason of the representations as to the maturity of the stock, which is the maturing of the contract, in six years, appellee was induced to enter into said contract.    That said representations were false, and that said association and its agents knew said representations were false, and uttered them for the purpose of deceiving him.    This is a charge of a willful and intentional misrepresentation, and is sufficient to justify the relief granted appellee.—*Bradfield v. Elyton Land Co.*, 93 Ala. 527; *Griel v. Lomax*, 89 Ala. 427; *Montgomery So. R. R. Co. v. Matthews*, 77 Ala. 366.    The decree pro confesso is an admission of the facts as alleged.    Code of 1896; § 3483; *Baker v. Young*, 90 Ala. 426.

SHARPE, J.—No irregularity appears in the decree *pro confesso*, and the case must be considered upon the merits of the bill of complaint. The bill appears to have been framed in a double aspect, first, to rescind the alleged contract for fraudulent misrepresentation inducing its execution; second, to avoid the contract as to usury.

A rule which has been often stated because often neglected, requires that fraud, when relied on as a ground for relief in equity, shall be distinctly alleged by stating the facts essential to constitute fraud independent of alleged conclusions.—*Pickett v. Pipkin,* 64 Ala. 520; *Flewellen v. Crane,* 58 Ala. 627; *Bailey v. Litten,* 52 Ala. 282; Story's Eq. Pl., 251.

The rule is of general application, and is not relaxed though the bill be taken as confessed, and no defense is made in the chancery court. The complainant's title to relief lies in the facts alleged in his bill, and if they be insufficient to show such title they are likewise insufficient to justify a decree.—*Flewellen v. Crane, supra.*

No essential fact will be supplied by intendment to a bill which has been taken as confessed.—5 Am. & Encyc. of Law, (1st ed.) 505.

To show fraud this bill alleges that prior to the contract defendant issued a prospectus stating its objects, the cost of its loans per month, and that its shares would mature in about six years; and the prospectus is made an exhibit. It then avers "that by reason of the representations made in said prospectus of the time in which said stock would mature, and by such representations held out and made by the agents of said association, which they knew to be false and uttered with intent to deceive orator and others, he invested in 20 shares of stock, and made a borrow of $1,000, and entered into said contract and executed the mortgage above referred to," etc.

Omitting the question of *laches*, which is generally of importance in suits of rescission, and merely calling attention to the indefinite and indirect character of these charges of fraud, we note their insufficiency in the lack of any averment that a longer period than that stated in

[National Building & Loan Association v. Ballard.]

defendant's prospectus was required to mature its share. As to time actually required for that purpose, the bill is silent. If the representations were false in overstating rather than understating that period, obviously they could not have injured the complainant.

The contract exhibited in the bill is not shown to be usurious, nor is it shown that the dues and assessments secured in the mortgage, have been fully paid.

It is alleged that the defendant is a corporation, organized under the laws of this State; but whether organized under a private act or the general statutes is not shown, and the court cannot judicially know. If the association's power to legally make the contract was limited by a special charter, it should have been so alleged. If its powers were derived from the general laws pertaining to building and loan associations in force at the time of the contract, then it is not shown to have been usurious. Those general laws provided that building and loan associations organized thereunder, might make loans to their shareholders upon real estate mortgage security "on such terms as may be prescribed by their by-laws."—Code, 1886, § 1556, subdiv. 9. In *Sheldon v. Birmingham B. & L. Asso.*, 121 Ala. 278, the statute was under consideration, and it was held in effect that such associations in issuing stock and lending money to its members on the building and loan plan were not restricted by the statute regulating the rate of interest generally. We need not restate the reasoning by which that conclusion was reached.

In the absence of averment to the contrary, it is presumed that the contract was made pursuant to by-laws of the association, and within its chartered powers.

The decree must be reversed, and the cause will be remanded to the chancery court.