### EVERETT v. EVERETT.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. SETTING ASIDE JUDGMENT—FRAUD PREVENTING DEFENSE.

Where a wife is prevented from defending an action by the husband to annul the marriage as bigamous by reliance on his false representations as to its object and effect, she is entitled to have the judgment secured by him set aside, she alleging that her previous marriage had been merely a sham, and of no legal force.

Appeal from Special Term, Kings County.

Action by Georgia L. Everett against Edward Everett. Judgment for plaintiff, and defendant appeals. Affirmed.

See 78 N. Y. Supp. 193.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George Zabriskie, for appellant.

W. H. Van Steenbergh, for respondent.

GOODRICH, P. J. The defendant appeals from a judgment entered after a trial at Special Term annulling a judgment of the Supreme Court entered April 9, 1888, by which the marriage of the plaintiff to the defendant was declared void. There have been three appeals in the present action—the first from an order denying the defendant's motion to set aside an order for the service of the summons by publication (22 App. Div. 473, 47 N. Y. Supp. 994); the second from an order granting the plaintiff leave to serve an amended complaint (48 App. Div. 475, 62 N. Y. Supp. 1042); and the third from a judgment dismissing the complaint after a trial at Special Term (75 App. Div. 369, 78 N. Y. Supp. 193). The opinion in the case last cited states quite fully the facts involved in the controversy between the parties, and it is not essential to repeat them. It is sufficient to say that the wife brought this action for the purpose of setting aside a judgment of this court entered in an action brought against her by the husband in April, 1888. That judgment annulled a marriage of the parties entered into at the city of Brooklyn before John Courtney, a justice of the peace, on the ground that the wife, previously to the marriage in question, had contracted a marriage with one Morrison in Providence, R. I., and that said Morrison was still living. The wife alleged that she was deceived by the representations and promises of her husband, and was thereby persuaded and prevented from defending such action; that in fact there was no previous actual marriage with Morrison; that when she was 16 years of age, at a social gathering at Providence, R. I., in a spirit of fun, a sham marriage ceremony was performed, but the same was illegal by the laws of Rhode Island, and was null and void. The decision of the court, based upon sufficient evidence, was that the husband, intending to mislead his wife, knowingly made to her false and fraudulent representations as to the effect and object of the action which he had brought against her, and

¶ 1. See Judgment, vol. 30, Cent. Dig. §§ 825, 838.

that such statements were made for the purpose of inducing her to abstain from defending the action, and that the wife, believing such statements to be true, abstained from defending the action.   We must not lose sight of the fact that the effect of the judgment in the present action is merely the vacation of the judgment in the action brought by the husband against the wife, leaving that action still pending, and that the parties will have opportunity of trying out any defense which the wife may have to her husband's cause of action as set out in the complaint.   It is not essential, in our disposition of the present appeal, to express, and we do not express, any opinion as to the merits of the controversy between the parties.   The judgment should be affirmed.

Judgment affirmed, with costs.   All concur.