## CRAFT v. HIRSH.
### 6 Div. 249.

Supreme Court of Alabama.

June 22, 1933.

Rehearing Denied Sept. 28, 1933.

R. J. McClure, of Birmingham, for appellant.

F. D. McArthur, of Birmingham, for appellee.

BOULDIN, Justice.

The appeal is from the judgment of the circuit court denying an application for rehearing under the four months' statute, Code § 9521.

The original suit was against husband and wife for medical services rendered in treatment of the wife. Judgment was rendered against both.

The application for rehearing was by the wife.

The meritorious defense alleged and sought to be proven was that the debt was that of the husband alone. Whether evidence on this issue made such a case as called for a rehearing we need not decide. The ruling of the trial court was justified on the following ground.

The matter of surprise was a want of service of summons and complaint on the wife, and of any knowledge on her part as to the pendency of the suit until after judgment by default was entered upon a return of the sheriff showing proper service. In this regard, it is without dispute that both copies of summons and complaint were handed to the husband, Mr. Craft, at their home. The officer claims this was upon his request not to disturb the rest of Mrs. Craft, and upon his assurance that it would be handed to her. Mr. Craft's evidence is somewhat different as to what was said. In any event, this was not a lawful service, and presented matter of surprise, if Mrs. Craft was not informed of the bringing of the suit, as claimed both by herself and husband.

But it appears without dispute that on the day the judgment was rendered, October 16, 1932, the clerk of the court made out and mailed to their address a bill of costs, showing a judgment against both. Upon receipt of same, the wife was advised a judgment had been rendered against her. It is not questioned that this was by due course of mail, only a day or two after the judgment was rendered.

The averments and proof under the four months' statute must show a judgment standing against the petitioner "without fault on his part."

It is a new suit or proceeding, cumulative to the remedy in equity, and sustainable on like grounds as to diligence required in presenting the defense in the original suit.

It has long been the settled law of Alabama, that if knowledge of the existence of such judgment comes to the party in time to proceed in the original suit by motion for a new trial (formerly during the ensuing term, now within 30 days), and the party neglects so to do, there is such lack of diligence as will defeat a new suit, either in equity or under the four months' statute. No excuse is shown for not proceeding in the original suit within the 30-day period. The denial of the application must be sustained on this ground; and others need not be considered. Blood v. Beadle, 65 Ala. 103; Ex parte Walker, 54 Ala. 577; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Garvey v. Inglenook Const. Co., 213 Ala. 267, 104 So. 639; Kelley v. Chavis, 225 Ala. 218, 142 So. 423.

We limit this decision to cases where the record of the proceedings and judgment disclose due process of law, and the suit is to impeach such record.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.