57 So.2d 612

**BELL v. RILEY BUS LINES et al.**

4 Div. 649.

Supreme Court of Alabama.
March 13, 1952.

Grady G. Cleveland, Jr., Eufaula, for appellant.

A. M. McDowell and Chauncey Sparks, Eufaula, for appellee, Herrington.

Clayton & LeMaistre, Eufaula, for appellee, Riley Bus Lines.

122

BROWN, Justice.

The appellant sued Riley Bus Lines; Riley Bus Lines, a corporation; Isaac Riley and Sarah Riley, doing business as Riley Bus Lines; and Herrington Motor Company and Truck Lines and Wallace Herrington doing business as Herrington Motor Company and Truck Lines, for wrongfully causing the death of her intestate, basing her right to sue on § 123, Title 7, Code of 1940, commonly referred to as "The Homicide Act."

The complaint consisted of two counts. Count One claimed $25,000 as damages for that "on heretofore, on the 2nd day of September, 1950, the Plaintiff's intestate, Howard Bell, was a paid passenger on a Bus then and there being operated by Defendant Riley Bus Lines, or by Defendant's agent, who was then and there acting within the line and scope of his authority, the Plaintiff's intestate having paid the said Riley Bus Lines for his passage from one point to another, and the said Bus was being then and there operated by Defendant or Defendant's agent, who was then and there acting within the line and scope of his authority, at a point on the Clayton-Eufaula Highway, known as State Highway No. 30, in Barbour County, Alabama, at a point on said Highway approximately Five Miles East of Clayton, Barbour County, Alabama, when an automobile Truck and trailer then and there being operated by the defendant Wallace Herrington, doing business as Herrington Motor Company and Truck Lines, or the Defendant's agent who was then and there acting within the line and scope of his authority, ran into, over, upon and against the said Bus being then and there operated by the Defendant Riley Bus Lines, or Defendant's agent who was then and there acting within the line and scope of his authority, and as a proximate result or consequence thereof, the Plaintiff's intestate, Howard Bell, was killed. Plaintiff avers that the said Howard Bell was killed as a proximate result or consequence of the concurrent negligence of Riley Bus Lines, or Riley Bus Lines, a corporation, or Sarah Riley and Isaac Riley doing business as Riley Bus Lines, and Herrington Motor Company and Truck Lines, or Wallace Herrington, doing business as Herrington Motor Company and Truck Lines, or their respective agents who were then and there acting within the line and scope of their authority, in and about the management or operation of the said Bus and the said automobile truck and trailer."

The second count of the complaint which, the court stated in the oral charge was eliminated, ascribed the death of said intestate "as a proximate result or consequence of the concurrent wanton or wilful negligence of Riley Bus Lines, Riley Bus Lines, a Corporation, or Isaac Riley and Sarah Riley doing business as Riley Bus Lines, or said Defendant's agent who was then and there acting within the line and scope of his authority and Wallace Herrington doing business as Herrington Motor Company and Truck Lines, or Herrington Motor Company, or this said Defendant's agent who was then and there acting within the line and scope of his authority, and as a proximate result or consequence thereof the Plaintiff was damaged as aforesaid."

The *defendants* Riley Bus Lines, Isaac Riley and Saralee Riley "separately and severally" pleaded the general issue. Likewise the defendant Herrington Motor Company and Truck Lines and Wallace Herrington doing business as Herrington Motor Company and Truck Lines "severally pleaded to each count of the complaint, severally and separately, the general issue." The other defendants sued did not appear or plead.

The trial was by jury duly demanded by the plaintiff and the jury returned a verdict in the following words and figures:

"We the Jury return verdict in favor of Plaintiff and assess damages against Riley Bus Line $5,000.00 and Wallace Herrington $2,500.00." Judgment was entered on said verdict and Isaac Riley, Saralee Riley and Riley Bus Lines, a partnership composed of Isaac Riley and Saralee Riley, seasonably made motion for a new trial on the grounds that said "verdict and judgment are contrary to the law of the case; said verdict and judgment are contrary to the evidence of the case; said verdict and

judgment are not sustained by the great preponderance of the evidence; said verdict and judgment are arbitrary and prejudicial; said verdict and judgment are contrary to law, in that the complaint claimed damages from Riley Bus Lines and Wallace Herrington for the death of plaintiff's intestate, allegedly caused by the concurring negligence of both said joint defendants, and the verdict and judgment were returned and entered in favor of plaintiff against both said defendants and was not in a lump sum against both defendants but apportioned the damages in the sum of $2500 against Wallace Herrington and in the sum of $5000 against Riley Bus Lines; said verdict being in words and figures as follows: 'We the jury return verdict in favor of plaintiff, and assess damages against Riley Bus Lines $5000 Wallace Herrington $2500 /s/ Norman Beverly, foreman.' "

The motion for new trial also contained many other grounds. The motion was granted by the court and new trial was ordered. Hence this appeal.

It is strenuously insisted by the appellant and the appellee Wallace Herrington that the jury were authorized to apportion punitive damages between the defendants accordant to the degree of culpability in causing the death of plaintiff's intestate. As authority for their contention they cite decisions from other jurisdictions mostly dealing with common law actions against joint tort feasors, which are collated in Hall v. McClure, 112 Kan. 752, 212 P. 875, 30 A.L.R. 790 and in Thomson v. Catalina, 205 Cal. 402, 271 P. 198, 62 A.L.R. 239.

The statute under which this action was brought and maintained has been in existence in this state for more than three quarters of a century. Its early history is stated in Savannah & Memphis Railroad Co. v. Shearer, Adm'x, 58 Ala. 672. As originally written the statute provided: "That when the death of a person is unlawfully caused by another, the personal representative of the deceased may maintain an action against the latter at any time within two years thereafter, and may recover such sum as the jury may deem just, and the amount so recovered, shall be distributed as personal property of an intestate is now distributed, and shall not be subject to the payment of the debts of the deceased." 58 Ala. at page 678. Acts 1859–60, p. 42.

It has long been settled in Alabama that damages recoverable in such actions are punitive of the person who wrongfully causes the death. Richmond & Danville R. R. Co. v. Freeman, 97 Ala. 289, 11 So. 800. It has also long been settled that the statute creates a single cause of action unknown to the common law and the personal representative is authorized to sue as an agent of legislative appointment for effecting the declared public policy of preventing homicides. Breed v. Atlanta B. & C. R. Co., 241 Ala. 640, 4 So.2d 315; Also it is settled that the suit under this statute may be prosecuted against joint tort feasors whose wrongful act or negligence proximately causes the death; and they may be sued jointly or separately, but there being but a single cause of action, one recovery *and satisfaction* is a bar to further prosecution of any other suit on that cause of action. McCoy v. L. & N. R. R. Co., 146 Ala. 333, 40 So. 106. Nevertheless, the personal representative may settle with one tort feasor and prosecute his action against another, provided he reserves the right in taking the release which releases only the person with whom the settlement is made. Steenhuis v. Holland, 217 Ala. 105, 116 So. 2.

The statute, now § 123, Title 7, Code of 1940, provides: "A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. * * *"

There is nothing in this statute that authorizes the jury to apportion the damages against tort feasors sued in this action. Nor does it recognize degrees of

124

culpability and as applied if the wrongful act or negligence proximately caused the death, the plaintiff is entitled to "recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama". The well settled trial practice in our courts has been to require a single verdict, fixing a lump sum regardless of the culpability of tort feasors. City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; Layman v. Hendrix, 1 Ala. 212; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 Co. 276; 64 C.J. p. 1084; Bull v. Albright, 254 Ala. 29, 47 So.2d 266.

 In the absence of express legislative authority we are not willing to depart from this well settled trial practice. Therefore the opinion prevails that the court did not err in setting aside the verdict and granting a new trial as to all defendants. We note that the complaint does not charge each of the defendants with negligence in the operation of their respective vehicles, but bases the right of recovery on the "concurrent" negligence of the defendants, their agents or servants, which carries the burden of showing concurrent negligence as to the parties involved in the damnifying act. The order of the court granting a new trial is affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.