93 So.2d 428

Enoch BATTLE

v.

Radford MORRIS.

5 Div. 639.

Supreme Court of Alabama.

Jan. 10, 1957.

Rehearing Denied March 7, 1957.

582

Rushton, Stakely & Johnston, Montgomery, and Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Walker & Walker, Opelika, and W. C. Hare, Tuskegee, for appellee.

STAKELY, Justice.

Radford Morris (appellee) filed a bill in the Circuit Court of Macon County, in Equity, to set aside a consent judgment for $3,000, which had been rendered in his favor against Enoch Battle (appellant) on the law side of the Circuit Court of Macon County.

The bill alleges in substance that Radford Morris suffered injury and damages as a proximate consequence of the negligence of Enoch Battle and one Lewis Thomas, who was not made a party to the cause; that Radford Morris filed suit against Enoch Battle in the Circuit Court of Macon County on December 21, 1953; that through his attorney he negotiated a settlement with Enoch Battle for $3,000 and executed a release therefor and that later on April 2, 1954, a consent judgment was rendered in his favor for $3,000 by the Circuit Court of Macon County against Enoch Battle, which was marked satisfied on the same day by his attorney.

The bill further alleges that on March 5, 1954, he filed another suit through another attorney against Lewis Thomas in which he claimed damages for the same injury which had been the basis of his claim and suit against Enoch Battle and

584

that Lewis Thomas planned to plead the consent judgment to which we have referred as defense to the suit for damages which he had filed against Lewis Thomas.

Radford Morris prayed that the court review and vacate the consent judgment rendered in his favor against Enoch Battle and that a judgment be ordered in conformity with the agreement of the parties in that suit and fully protecting Radford Morris in his right to proceed with his claim and suit against Lewis Thomas, so that the consent judgment would not be a bar or a defense thereto.

In the case at bar the Circuit Court of Macon County, in Equity, entered a decree on September 23, 1955, setting aside and vacating the personal judgment to which we have referred. The present appeal is from this decree.

On July 26, 1955, Radford Morris (appellee) filed an affidavit in the instant case in which he alleged that Enoch Battle was a nonresident of the State of Alabama and that his present place of residence and post office address were unknown and could not be ascertained after diligent inquiry and that service on Enoch Battle by publication was necessary. The result was that on September 20, 1955, a decree pro confesso was entered. The testimony of Radford Morris and his attorney were taken and thereupon the final decree of September 23, 1955, to which we have referred, was rendered by the court.

A brief statement of the salient allegations of the bill is necessary for an understanding of the case. It is alleged in the bill and claimed by Radford Morris that when the settlement of $3,000 with Enoch Battle was negotiated he and his attorney understood that this was only a partial settlement for the damages sustained by him and that all rights to claim damages against Lewis Thomas were expressly retained. Pursuant to this agreement Radford Morris executed the release to which we have referred, which expressly provided that the release from Enoch Battle was

for all claims and damages "that I may have against Enoch Battle." The release further contained the following provision: "This release applies only to Enoch Battle and to no one else." It was further shown that the facts and circumstances relating to the two pending suits were explained to the trial judge who entered the following bench note: "4–2–54. Judgment by consent for plaintiff and against the defendant, Enoch Battle, only for $3,000.00."

The allegations of the bill further showed that the clerk of the court in entering the judgment mistakenly entered in the minutes of the court a judgment against Enoch Battle for $3,000 without restriction or reservation and that such judgment was entered without the consent of Radford Morris and without reference to the agreement of settlement between the parties.

The appellee makes a number of contentions in support of the present decree of the circuit court, in equity. Reference is made to Equity Rule 63, Code 1940, Tit. 7, Appendix. It is sufficient to say that Equity Rule 63 provides for correction of clerical mistakes in equity decrees which obviously does not apply to the present situation because if there was any mistake it was a mistake in a judgment of law and not a mistake in an equity decree.

Reference is also made to § 567, Title 7, Code of 1940, where the circuit court as a law court is authorized to "amend any clerical error * * * or other mistake of the clerk or register." The origin, object and the purpose of this statute is referred to in Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304. Again, it is sufficient to say that § 567 authorizes a law court to amend any clerical error or mistake of the clerk or register in the entry of the judgment. We are not interested, however, in the case at bar in the power to amend the original consent judgment. The court has undertaken to set aside and vacate this consent decree and § 567 is clearly not applicable to such a situation.

As stated the service of the bill in the instant case was had on Enoch Battle only by publication, Accordingly, it is earnestly contended that since an action to set aside a personal judgment in a court of equity is an in personam proceeding, the court has no jurisdiction to enter its decree vacating and annulling the judgment in the absence of personal service on Enoch Battle.

■ We do not agree that the rule here referred to has application in the present instance. The proceeding here instituted in the equity court is in the nature of a proceeding in rem against the consent judgment, which is sought to be annulled, and while Enoch Battle against whom the consent judgment is rendered, is not within the reach of personal service of process, the consent judgment was rendered by an Alabama Court, the Circuit Court of Macon County. The record of the judgment is the res before the court in the present suit and since the court has jurisdiction of the res, notice of the suit may be given the non-resident defendant by publication, personal service not being required.—Britton v. Bryson, 216 Cal. 362, 14 P.2d 502; Everett v. Everett, 22 App.Div. 473, 47 N.Y.S. 994; Reybine v. Kruse, 128 Fla. 278, 174 So. 720; Parker v. Board of Com'rs of Okmulgee, 187 Okl. 308, 102 P.2d 880; 72 C.J.S., Process, § 57, p. 1075.

■ Accordingly, we may summarize the situation to the present point as showing that the bill filed by Radford Morris to annul and vacate the judgment against Enoch Battle is a proper procedure, but of course the bill in its allegations must contain equity. It will be recalled that the allegations of the bill were taken as confessed in a decree pro confesso and a final decree entered on the basis of the decree pro confesso. To sustain a decree pro confesso, no essential fact may be supplied by intendment and where in a bill which is taken as confessed and to which no defense is made in the equity court, the averments of the bill must be sufficient on which to authorize the relief prayed for, and if the bill is not so sufficient, the decree will be

reversed on appeal. National Building & Loan Ass'n v. Ballard, 126 Ala. 155, 27 So. 971.

We, therefore, have come to the point where we must analyze the allegations of the bill to see if it will sustain the decree of the court setting aside the consent decree.

■■ A court of equity has undoubted jurisdiction to set aside and enjoin the enforcement of a judgment at law procured through fraud, accident or mistake when the claiming party has a meritorious defense to the action and was without negligence himself in permitting the rendition of the judgment. Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. It is difficult for us at the outset to see where any mistake was made in the writing of the judgment by the clerk of the court. It is true that it was explained to the trial judge that the rights of the plaintiff to proceed further against Lewis Thomas were to be retained and an effort is made to show that the trial judge intended to carry out such an understanding because of the bench note to which we have referred. All we can say is that an unqualified judgment was entered on the minutes of the court without any statement that the judgment represented a pro tanto settlement and that rights against Lewis Thomas were expressly retained. The statement that the judgment was entered "only" against Enoch Battle, adds nothing to the situation, since Enoch Battle was the only defendant in the case and the judgment could be only against Enoch Battle.

■ In fact in the absence of a statute providing otherwise, damages against joint-tortfeasors are not apportioned. Joint tortfeasors are jointly and severally liable for the entire damage sustained. 49 C.J.S., Judgments, § 36, p. 88; 86 C.J.S., Torts, § 34, p. 949; Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25. In other words we do not see how the court could have entered a judgment for a proportionate part of the damages

against Enoch Battle with a retention of rights against Lewis Thomas. The recovery of a judgment against one and its satisfaction is a satisfaction of the entire claim, and the judgment cannot be so expressed as to have a different meaning. McCoy v. Louisville & N. R. Co., 146 Ala. 333, 40 So. 106; Steenhuis v. Holland, 217 Ala. 105, 115 So. 2. What we have said must not be confused with the right of Radford Morris to give a pro tanto release to Enoch Battle with a retention of the right to sue and hold Lewis Thomas liable for a proportionate part of the total amount of the damages sustained without a judgment against him. Steenhuis v. Holland, supra; Home Telephone Co. v. Fields, 150 Ala. 306, 43 So. 711. By statute all releases must be given effect according to the intention of the parties. Steenhuis v. Holland, supra; § 381, Title 7, Code of 1940. The effect given by statute to a release has nothing to do with the apportionment of damages by judgment, when there are joint tort-feasors.

We think it well to quote the allegations from the bill which are evidently intended to show fraud or misrepresentation in the procurement of the judgment. These allegations are as follows:

"* * * If complainant is mistaken in his foregoing averments as to how the said judgment was entered in said cause, then the complainant avers that the entry of said judgment was due to the fraud of the person at that time undertaking to represent the then defendant, Enoch Battle, his name being unknown to the complainant, in that, well knowing that the entry of such judgment in said case would destroy the plaintiff's claim against the other tort-feasor, contrary to the plaintiff's intention and the agreement of the parties to preserve such right as expressed in the said release, he, the said person representing the defendant, asked the court to make said bench note and caused the clerk to enter said judgment, thereby intending to protect the said

other tort-feasor or his insurance carrier to the damage and injury of this complainant."

Upon a careful consideration we do not consider that the allegations show a fraud on the court or that complainant was free from negligence in that respect, nor why he did not apply to the court which rendered the judgment within thirty days thereafter. Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Craft v. Hirsh, 227 Ala. 257, 149 So. 683; § 119, Title 13, Code of 1940. The bill does not allege that complainant's counsel or the trial judge was ignorant of the law as represented and that defendant's representative knew of such ignorance and mislead them by making an intentional false statement of the law. Davis v. Betz, 66 Ala. 206; Lehman, Durr & Co. v. Shackleford, 50 Ala. 437; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Bank of Loretto v. Bobo, 37 Ala.App. 139, 67 So.2d 77, certiorari denied 259 Ala. 374, 67 So.2d 90. Another fatal insufficiency is that the bill does not allege that the person undertaking to represent defendant was acting in the line and scope of his authority. At the most the bill shows that there was a misstatement to the court that a judgment could be entered for a pro tanto recovery with the reservation to recover the balance, if any, from Lewis Thomas. But this is no more than a mistake against which equity will not relieve for the mistake, if any, was a mistake of law. Best v. Best, 247 Ala. 627, 25 So.2d 723; Lehman, Durr & Co. v. Shackleford, 50 Ala. 437; Hemphill v. Moody, 64 Ala. 468.

There is no equity in the bill and the trial court without equity in the bill should not set the judgment aside.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

## On Rehearing

On application for rehearing the appellee calls our attention to the fact that in writ-

ing the opinion on the original hearing we entirely overlooked what he regards as the strongest allegation in the bill and which we set out as follows:

"Complainant avers that he did not himself consent that, in addition to his execution of this release, a judgment should be entered by consent of the parties in his favor against Enoch Battle for $3,000.00, that he did not authorize anyone else to enter into such a consent judgment, and that no one else was authorized by him to consent on his behalf to the entry of any consent judgment in said cause."

In other words, we treated the alternative allegations in the bill of mistake and fraud but did not deal with the allegation showing absence of consent on the part of Enoch Battle for a judgment to be entered in his behalf. Attention is called to the fact, however, that in describing the allegations of the bill in the original opinion we stated:

"That such judgment was entered without the consent of Radford Morris and without reference to the agreement of settlement between the parties."

We say now, however, that the allegation of nonconsent makes no change in the result of the case. It is our understanding that the judgment was rendered on April 2, 1954. By its very terms it shows that it was a judgment by consent in favor of the plaintiff for $3,000. The bill in this case to set aside the consent judgment, as we understand the record, was filed on the 26th day of July, 1955.

It will be observed that the bill was not filed within the thirty days from the date of the judgment when the court rendering the judgment had jurisdiction over the judgment but was filed about eighteen months after the date of the judgment. It further affirmatively appears from the allegations of the bill that appellee cannot say that he did not have notice or knowledge because the allegations of the bill show that the at-

torney for Enoch Battle marked the judgment satisfied on the day it was rendered.

We quite understand that a consent judgment may be set aside in the equity court where there is actual absence of consent just as well as it can be set aside for mistake or for fraud, but the principles upon which the equity court can set the judgment aside in any of these instances are the same. Adler v. Van Kirk Land & Const. Co., 114 Ala. 551, 21 So. 490. In Hendley v. Chabert, 189 Ala. 258, 65 So. 993, cited in the original opinion, it is shown that a proper and due regard for the peace and interests of society requires strictness and caution in exercising the power to disturb the decrees and judgments of other courts of competent or concurrent jurisdiction and in reopening controversies which it is the policy of the law to quiet. It is shown that in order to invoke successfully the interposition, in this case of a court of equity, it is not sufficient that wrong has been done, but it must be manifest that the wrong occurred without fault or negligence on the part of the party complaining. A concurrence of injustice committed and freedom from fault and negligence, is an indispensable condition to the exercise of this jurisdiction. And it is expressly held that an exercise of due diligence required that application be made to the law court for relief during the term at which the judgment was rendered (now for a period of thirty days from the date the judgment was rendered) or if not, that the bill disclose a valid reason for the omission.

There is nothing in the present bill which shows that the complainant could not have asked the court which rendered the judgment to set aside the judgment within thirty days from the time it was rendered, nor is there any allegation in the bill to excuse a failure to do so. This is a fatal defect in the bill and is just as much a defect as though the ground upon which the judgment is sought to be set aside is either mistake or fraud. Lucy v. Hall, 264 Ala. 273, 87 So.2d 32.

In the original opinion it was shown that joint tort-feasors are jointly and severally liable for the entire damage sustained. And in the absence of statute providing otherwise, damages against joint tort-feasors may not be apportioned. Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612; Layman v. Hendrix, 1 Ala. 212; Slade v. Street, 77 Ala. 576; 49 C.J.S., Judgments, § 36, p. 88; 86 C.J.S., Torts, § 34, p. 949. But the question may be asked as to why the damages in the instant case may not be apportioned in a judgment by consent. We call attention to the authorities collected in 135 A.L.R. p. 1498 et seq. So far as the case before us is concerned, it is sufficient to say that Lewis Thomas is not a party and there is nothing to show that Lewis Thomas, who is a joint tort-feasor, has consented to an apportionment of the damages.

The application for rehearing must be overruled.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.