[No. 2129-42530-1.    Division One.    November 5, 1973.]

MORRIS A. BURKETT, *Appellant,* v. MARION O. McCAW, *Respondent.*

*Ferguson & Burdell, W. Wesselhoeft,* and *Gust S. Doces,* for appellant.

*Davis, Wright, Todd, Riese & Jones, Evan L. Schwab,* and *David W. Oesting,* for respondent.

FARRIS, J.—Morris A. Burkett appeals from the trial court's summary judgment of dismissal in his action for conversion of securities.

John Elroy McCaw, a Washington resident, died in 1969. Marion O. McCaw, LeRoy M. Backus, Jr., and the National Bank of Commerce of Seattle, qualified as coexecutors of his estate. The receiver of National Capitol Life Insurance Company, Morris A. Burkett, filed a creditor's claim against the estate alleging misdeeds by McCaw, including wrongful conversion of securities. This claim was rejected by the coexecutors. Burkett then filed this action for wrongful conversion of securities.

Burkett also filed an "umbrella" suit in Alabama, Burkett v. Thomason, et al, No. 37836, against Thomason and other persons and entities, not including the defendants here. That action alleged various misdeeds, including the same conversion of securities which is the subject matter of this action.

In 1970, while these actions were pending, Burkett petitioned the Alabama court for settlement of the umbrella suit and of three other cases (not including the present suit). The Alabama court approved this settlement, and consent decrees were entered against the Thomasons and others. This settlement was the basis of the Washington trial court's grant of summary judgment of dismissal which is here appealed:

> [T]he plaintiff, having settled his claims against Thomasons contained in his so-called umbrella Alabama action number 37836, has released Thomasons' alleged co-conspirator and joint tort feasor, McCaw, . . .

Burkett contends that the trial court erred in granting the motion for summary judgment of dismissal, arguing that the present case was not affected by the consent decree in the Alabama umbrella case.

The petition to the Alabama court for approval of Burkett's settlement of the umbrella case, incorporating the settlement proposal, includes the following language:

> Unaffected by this settlement proposal are the cases pending in this Court as Burkett v. McCaw, et al, No. 37840, and Burkett v. McCaw, et al, No. 720524, now pending in the Superior Court of the State of Washington for King County. The Receiver's rights against all of the defendants and respondents in those specified cases will be unaffected.

The petition for approval of settlement also incorporates the language of the settlement proposal which calls for the Thomasons to pay Burkett $120,000 in cash over a 2-year period according to a fixed schedule of payments, and to transfer to Burkett all of the stock of American Reserve Life Insurance Company, all of the bonds on deposit with the State Treasurer of Alabama ($110,000 par value), and

securities consisting of reinvestment of matured bonds under court order.

The settlement agreement calls for the entry of a consent judgment in the amount of $120,000 against the Thomasons and their coconspirators in the umbrella case and for the Thomasons to give Burkett a first mortgage on certain real property which they own in Texas. Burkett agreed to abstain from execution on this consent judgment unless the Thomasons defaulted in making any of the payments called for in the settlement agreement.

The settlement was consummated on October 6, 1970, by the entry of a consent judgment in the umbrella case. On October 2, 1970, about one week after the execution of the settlement agreement and 4 days before the entry of that consent judgment, M. R. Nachman, Jr., Burkett's counsel of record, gave the following memorandum to Frank J. Riggs, the Thomasons' counsel of record:

Mr. Riggs and I understand that the action against McCaw's executors now pending in the State of Washington as Morris A. Burkett as Receiver of National Capitol Life Insurance Company v. Marion O. McCaw, et al, in the Superior Court of the State of Washington for King County, Case No. 720524, will be tried or otherwise disposed of; that the case pending in Alabama, Morris A. Burkett as Receiver of National Capitol Life Insurance Company v. Marion O. McCaw, et al, in the Circuit Court of Montgomery County, Alabama in Equity, Case No. 37840, will remain on the docket until the final disposition of the Washington action; and at that time will be dismissed against the Thomasons regardless of the outcome of the Washington action.

In an affidavit dated February 22, 1972, Nachman explained this memorandum as follows:

This Memorandum was intended to memorialize a concurrence of viewpoint between Affiant and Riggs, namely, that regardless of the outcome of the Washington case (Burkett, Receiver v. McCaw, et al., King County cause No. 720524), both counsel would recommend to their respective clients that the Alabama case (No. 37840) should be dismissed. There was no knowledge of the Receiver or of the Alabama court of the

existence or contents of the Memorandum. Each lawyer understood that there was no knowledge or authority on the part of the Receiver or the Alabama court, and further, that there was the concomitant risk that the Receiver or the Court would not go along with the recommendation.

■ Alabama law must be followed in determining whether the settlement documents and consent decree in the umbrella case bar the Washington action, as the trial court held. In *Baffin Land Corp. v. Monticello Motor Inn, Inc.*, 70 Wn.2d 893, 425 P.2d 623 (1967), the Washington State Supreme Court adopted the "center of gravity theory" for contracts, holding that the law of the state with which a contract has the most significant relationship governs its validity and effect.

Here, the settlement documents principally touched the state of Alabama. The plaintiff is an Alabama receiver of a defunct Alabama insurance company appointed by the Alabama court. The settlement negotiations took place exclusively in that state. The settlement agreement was executed and delivered in the state of Alabama, and an Alabama court approved it.

Under Alabama law, releases must be given effect according to the intent of the parties. Code of Ala., tit. 7, § 381 (1960). In *Steenhuis v. Holland*, 217 Ala. 105, 115 So. 2 (1927), the Alabama Supreme Court held that the release of one joint tort-feasor does not release the others unless the parties clearly so intended. However, that court in *Battle v. Morris*, 265 Ala. 581, 586, 93 So. 2d 428 (1957), while noting that the Alabama statute provided that all releases be given effect according to the intent of the parties, stated:

> The recovery of a judgment against one and its satisfaction is a satisfaction of the entire claim, and the judgment cannot be so expressed as to have a different meaning.

The effect of a judgment and all questions incident thereto are determined by the laws of the state of rendition. *Minery v. Fenton*, 29 N.J. 409, 149 A.2d 245 (1959);

Restatement (Second) Conflict of Laws § 116 (1971). The Alabama Supreme Court has held that:

Where the suits against joint tort-feasors are separate and several, nothing short of full satisfaction can make a judgment in one of the suits a bar in the other.

*Baggett v. Allen,* 276 Ala. 423, 425, 163 So. 2d 209 (1964).

Here, Burkett won a consent judgment in the Alabama umbrella case, Burkett v. Thomason, et al. If this judgment had been satisfied, under *Battle v. Morris, supra,* the entire claim which included the allegations in the present case would have been satisfied.

The judgment in Burkett v. Thomason, et al, however, has not been satisfied. The settlement documents there set out a schedule of payments totaling $120,000. There is nothing in the record of the present action to indicate that any payments have been made, though Burkett's brief acknowledges that "a relatively small portion of the money judgment has been paid." Therefore, the judgment in the umbrella case cannot be a bar to the present Washington action.

McCaw argues that there was an accord and satisfaction by virtue of the consent decree in the umbrella action which satisfied Burkett's claim in full.

Discharge by accord and satisfaction means a discharge by the rendering of some performance different from that which was claimed as due and the acceptance of such substituted performance by the claimant as full satisfaction of his claim. The previously existing claim may be one arising out of contract, quasi-contract, tort, or otherwise; . . .

6 A. Corbin, *Contracts* § 1276 (1962).

Under the principle that an existing claim can be instantly discharged by the substitution of a new executory agreement in its place, 6 A. Corbin, *Contracts* § 1293 (1962), McCaw urges that the consent decree in the umbrella action left Burkett with a substituted contract, the judgment in that case, for all claims made in the umbrella action. Burkett's only right under this substituted contract would

be to petition the Alabama trial court for enforcement of the judgment.

The general rule is that an accord, to operate as a discharge of an obligation, must be executed.

> [Y]et it is well settled that a creditor may accept the mere promise of the debtor to perform some act in the future in satisfaction of the debt, and where such is the case the satisfaction is good and the debt extinguished without performance.

*Smith v. Elrod,* 122 Ala. 269, 273, 24 So. 994 (1898).

■ The obligations to Burkett of the defendants in the umbrella case are merged in the consent judgment rendered by the Alabama court in that action. Burkett's recourse against those defendants is to petition the Alabama court, or the courts of other states in which those defendants may be served, for enforcement of that judgment. However, Burkett's recourse against McCaw, who was not a party to the umbrella case, is not extinguished by the settlement and judgment in that case. There has been no accord and satisfaction between Burkett and McCaw, but only between Burkett and the umbrella case defendants.

McCaw argues that if the consent judgment in the umbrella case does not discharge him, severe problems of valuation arise. That problem, as intricate as it may be, is not before this court. The trial court's order granting McCaw's motion of summary judgment of dismissal is reversed. If Burkett prevails on the merits, McCaw is entitled to a setoff of the value of the interest received by Burkett in the Alabama settlement and judgment.

Reversed and remanded for trial.

JAMES and WILLIAMS, JJ., concur.